**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JC USA, INC.[1]<br><br>Debtor. | )<br>)<br>) Chapter 7<br>)<br>) Case No. 23-10585 (JKS)<br>)<br>) |

**MOTION OF DEBTOR FOR ENTRY OF ORDER
(I) AUTHORIZING DEBTOR TO (A) REDACT CUSTOMER LIST
FROM CERTAIN BANKRUPTCY DOCUMENTS AND (B) FILE UNREDACTED
VERSIONS OF THE CREDITOR MATRIX AND SCHEDULES & STATEMENTS
UNDER SEAL; AND (II) GRANTING RELATED RELIEF**

JC USA, Inc. ("JC"), as debtor in the above-captioned chapter 7 case (the "Debtor"), hereby moves (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In further support of the Motion, the Debtor respectfully represents as follows:

**RELIEF REQUESTED**

1.  By the Motion, the Debtor respectfully requests entry of the Proposed Order (a) authorizing the Debtor to (i) redact the names, addresses, and contact information of the Debtor's customers (collectively, the "Customer List") included in its Creditor Matrix (as defined below), its schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules & Statements"), and any related affidavits of service (collectively with the Creditor Matrix and Schedules & Statements, the "Bankruptcy Documents") and (ii) file the unredacted Creditor Matrix and Schedules & Statements under seal; and (b) granting related relief.

---

[1] The last four digits of JC USA, Inc.'s federal tax identification number are 0028. The location of JC USA, Inc.'s corporate headquarters is 5770 Fleet St., Carlsbad, CA 92008.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are section 107(b)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1001-1(c), 1007-1(a), 1007-2(a), 2002-1, and 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

4. The Debtor confirms its consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with the Motion in the event that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

5. On May 5, 2023 (the "Petition Date"), the Debtor commenced a case by filing a petition for relief under chapter 7 of the Bankruptcy Code (the "Chapter 7 Case").[2] The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") subsequently appointed Don A. Beskrone as the trustee (the "Chapter 7 Trustee") of the Chapter 7 Case.

---

[2] The Debtor's affiliates Jenny C Holdings, LLC (Case No. 23-10580), Jenny C Intermediate Holdings, Inc. (Case No. 23-10581), Jenny C Acquisition, Inc. (Case No. 23-10582), Craig Holdings, Inc. (Case No. 23-10583), and JC Franchising, Inc. (Case No. 23-10584) (collectively with the Debtor, the "Debtors") also filed petitions for relief under chapter 7 of the Bankruptcy Code on the Petition Date.

6. The Debtors have an iconic weight loss brand with 40 years of proven results and millions of satisfied customers across North America, Australia, and New Zealand. The Debtors' business model combines the support of one-on-one counseling with personalized meal plans offering 100+ nutritionally-balanced menu items developed by registered dieticians and professional chefs.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

I.   **Cause Exists to Redact the Customer List from the Bankruptcy Documents.**

7. Bankruptcy Code section 107(b)(1) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or ***confidential*** research, development, or ***commercial information*** . . .

11 U.S.C. § 107(b)(1) (emphases added).

8. Similarly, Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . ." Fed. R. Bankr. P. 9018. The purpose of Bankruptcy Rule 9018 is "to protect business entities from disclosure of information that could reasonably be expected to cause the entity injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

9. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Bankruptcy Code section 107(b) does not require a party seeking protection thereunder to demonstrate "good cause." *See, e.g., In re Transbrasil S.A. Linhas Aereas*, 644 F. App'x 959, 962 (11th Cir. 2016) ("Section 107(b), however, does not require the bankruptcy court to find a compelling interest or even good cause."); *Video Software Dealers Ass'n v. Orion Pictures Corp.*

*(In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994). Instead, the movant need only demonstrate that the material sought to be protected satisfies one of the categories identified in Bankruptcy Code section 107(b) and, if successfully demonstrated, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27 (emphasis in original); *In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party)."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is *required* to protect such an entity on request of a party in interest.") (emphasis in original).

10. Moreover, courts have determined that confidential commercial information need not rise to the level of a trade secret to be protected under Bankruptcy Code Section 107(b). *See, e.g., Altegrity*, 2015 WL 10963572, at *3; *In re Orion Pictures*, 21 F.3d at 28 (finding that the use of the disjunctive in Bankruptcy Code section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Instead, a party seeking the protection of Bankruptcy Code section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Orion*, 21 F.3d at 28; *see also Altegrity*, 2015 WL 10963572, at *3; *In re Transbrasil S.A. Linhas Aereas*, 644 F. App'x 959, 962 (11th Cir. 2016) ("'Confidential' is an adjective at the beginning of the series and appears to apply to all three items in the list. Had Congress intended to limit research and development to commercial research and development, it could have done so by moving the word 'commercial' next to the word 'confidential'. The plain language of the statute does not limit subsection (b)(1) to commercial information. . .").

11. The Debtor submits that the Customer List is protectable under Bankruptcy Code section 107(b) and Bankruptcy Rule 9018 because it contains confidential and commercially sensitive information pertaining to the Debtor's customers. At this point, the Debtor's primary asset is its Customer List, and the confidentiality of such list must be maintained to retain its potentially significant value for the benefit of the Debtor's creditors and other parties-in-interest. Indeed, disclosure of the Customer List on this Court's public docket would make such information *freely* accessible to the Debtor's competitors and would allow them to directly solicit those customers in an attempt to persuade them to enroll with a different weight loss program ***without offering the Debtor or the Chapter 7 Trustee any consideration in exchange for the same***. Thus, the public disclosure of the Customer List may have a significant and harmful impact on the remaining value of the Debtor's estate to the severe detriment of the Debtor's creditors and other parties-in-interest. Accordingly, it is imperative that the Debtor be permitted to redact the Customer List from the publicly-filed versions of the Bankruptcy Documents.

12. Courts previously have recognized the propriety of preserving the confidentiality of similar commercial information by authorizing such information to be redacted or otherwise protected under similar circumstances and for the same purposes set forth herein. *See, e.g., In re A.G. Fin. Serv. Ctr., Inc.*, 395 F.3d 410, 415–16 (7th Cir. 2005) (affirming bankruptcy court's refusal to order the debtor to disclose its customer list because the list constituted "confidential commercial information" under Bankruptcy Code section 107(b)(1) and Bankruptcy Rule 9018, and "[h]anding the list over for free would have diminished the value of the estate"); *In re Volunteer Energy Servs., Inc.*, No. 22-50804 (CKP) (Bankr. S.D. Ohio Apr. 26, 2022) (authorizing the debtor to redact the names, addresses, and other contact information of its current customers on its creditor matrix, schedules and statements, and other publicly accessible court filings); *In re*

*Nortel Networks, Inc.*, No. 09-10138 (KG), 2010 Bankr. LEXIS 5218, at *10 (Bankr. D. Del. Dec. 1, 2010) ("The Court recognizes that the list of Customer Contracts (as defined in the Motion) and affidavits of service that identify the Debtors' customers constitute confidential commercial information, and therefore authorizes that any such lists and affidavits to be filed in connection with the Motion and the procedures approved therein may be filed under seal."); *In re Nunn*, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (protecting a creditor's customer list under Bankruptcy Code section 107(b) because "to allow a competitor access to [the creditor's] customer list would obviously have an adverse effect on [the creditor]").

13. Although maintaining confidentiality with respect to the Customer List is critical to preserve value of its estate, the Debtor understands that it is important for the Court to have a complete and unredacted record with respect to certain documents, including the Creditor Matrix and the Schedules & Statements. Accordingly, the Debtor proposes that it be permitted to file the unredacted Creditor Matrix and the Schedules & Statements (and applicable amendments thereto) under seal. In addition, the Debtor proposes to provide an unredacted version of the Creditor Matrix and the Schedules & Statements to the Court, the U.S. Trustee, the Chapter 7 Trustee, and other parties-in-interest upon the execution of an appropriate confidentiality agreement or, alternatively, entry of an order granting a written motion to the Court that indicates the reason such information is needed (*e.g.*, to serve customers with notice).

14. Importantly, undersigned counsel discussed the Debtor's concerns regarding public disclosure of its Customer List with the Chapter 7 Trustee in advance of filing the Motion, and the Chapter 7 Trustee supports the relief requested herein.

**NOTICE**

15.    The Debtor will provide notice of the Motion to: (a) the U.S. Trustee; (b) the Chapter 7 Trustee; and (c) all parties entitled to notice pursuant to Local Rule 2002-1(b). The Debtor submits that no other or further notice is required.

**NO PRIOR REQUEST**

16.    No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
       May 8, 2023

**MCDERMOTT WILL & EMERY LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
1007 North Orange Street, 10th Floor
Wilmington, Delaware 19801
Telephone:   (302) 485-3900
Facsimile:   (302) 351-8711
Email:       dhurst@mwe.com

*Counsel to the Debtor*