# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| JC USA, Inc. d/b/a Jenny Craig, *et al*.,[1] | ) Case No. 23-10585 (JKS) |
| Debtors. | ) (Jointly Administered) |

**ORDER (I) AUTHORIZING THE PRIVATE SALE OF CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (II) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (III) AUTHORIZING AND APPROVING THE SHARING AGREEMENT AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] filed by Don A. Beskrone as the Chapter 7 Trustee (the "Trustee" or "Seller") of the above-captioned debtors (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing and approving the private sale of the Purchased Assets free and clear of liens, claims, encumbrances, and other interests (the "Sale") pursuant to the Asset Purchase Agreement, substantially in the form attached hereto as **Exhibit 1** (the "APA"), (ii) authorizing the assumption and assignment of certain executory contracts and unexpired leases (collectively, the "Assumed Contracts"), (iii) authorizing and approving the Sharing Agreement, and (iv) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: JC USA, Inc. (0028), JC Franchising, Inc. (7656), Craig Holdings, Inc. (1506), Jenny C Acquisition, Inc. (2395), Jenny C Intermediate Holdings, Inc. (3621) and Jenny C Holdings, LLC (4170).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion, the Sharing Agreement, or the APA (as defined herein).

{01912260;v1 }

1408 and 1409; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion was appropriate under the circumstances and no other notice need be provided; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the APA and the Sale; and this Court having reviewed the Motion and having heard the statements made and the evidence presented in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY FOUND AND DETERMINED THAT:[3]

    A.    This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.    The statutory bases for the relief requested in the Motion are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

    C.    This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

    D.    Proper, timely, adequate, and sufficient notice of the Motion, the Hearing, and the Sale have been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 9006, and 9007. Such notice was good and sufficient under the particular circumstances. No other or further notice of the Motion or the Sale is or shall be required.

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. All findings of fact and conclusions of law announced by the Court at the Hearing in relation to the Motion are hereby incorporated herein to the extent not inconsistent herewith.

E.  The Purchased Assets constitute property of the Debtors' estate and title thereto is vested in the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code.

F.  The Seller has demonstrated a sufficient basis and compelling circumstances for entering into the APA and consummating the Sale, and such actions are appropriate exercises of the Seller's business judgment, consistent with the Seller's fiduciary duties, and in the best interests of the Debtors, their estates, their creditors, and all parties in interest.

G.  The APA was negotiated, proposed, and entered into by the Seller and the Buyer in good faith, at arm's length, and without collusion. The terms and conditions of the APA are fair and reasonable.

H.  The Buyer is purchasing the Purchased Assets in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code.

I.  The Buyer is not an "insider" or "affiliate" of the Debtors, as those terms are defined in the Bankruptcy Code.

J.  The purchase price under the APA constitutes (i) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act, (ii) fair consideration under the Uniform Fraudulent Conveyance Act, and (iii) reasonably equivalent value, fair consideration, and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia for the Purchased Assets, and may not be avoided under Bankruptcy Code section 363(n) or under any other law of the United States, any state, territory, possession, or the District of Columbia, or any other applicable law.  The APA was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia.

K. The Seller has full authority to execute and deliver the APA and to perform all of its respective obligations thereunder, and the Sale has been duly and validly authorized by all corporate authority necessary to consummate it. No consents or approvals, other than as expressly provided for in the APA and the entry of this Order, are required by the Seller to consummate the Sale.

L. The sale and assignment of the Purchased Assets to the Buyer will be, as of the time of closing of the Sale, a legal, valid, and effective transfer of the Purchased Assets, and each such transfer and assignment vests or will vest the Buyer with all right, title, and interest of the Seller to the Purchased Assets free and clear of all liens, claims, rights, interests, charges, and encumbrances, other than encumbrances permitted under the APA, if any (the "Encumbrances").

M. This Order shall be effective as a determination that, upon the closing of the Sale, the Buyer shall not be responsible for any Encumbrances of any kind or nature whatsoever existing as to the Seller, the Debtors, or the Purchased Assets.

N. Seller may sell the Purchased Assets free and clear of all Encumbrances of any kind or nature whatsoever pursuant to section 363(f) of the Bankruptcy Code, with all such Encumbrances to attach to the sale proceeds in the same order of priority, with the same validity, force and effect as such Encumbrances had in the Purchased Assets prior to the sale.

O. Neither the Buyer nor any of its affiliates, officers, directors, partners or any of their respective successors or assigns, as a result of any action taken in connection with the purchase of the Purchased Assets, shall be deemed to: (i) be a successor (or other such similarly situated party) to the Seller or the Debtors; or (ii) have, *de facto* or otherwise, merged with or into the Debtors. Buyer is not acquiring or assuming any liability, warranty or other obligation of the Seller or the Debtors, except as expressly set forth in the APA.

P.      The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Bankruptcy Code sections 105(a), 363(b), 363(f), and 363(m), and all of the applicable requirements of such sections have been or will be complied with in respect of the Sale as of the closing.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      The relief requested in the Motion is granted in its entirety, subject to the terms and conditions contained herein.

2.      All objections and responses to the Motion, including all reservations of rights included therein, that have not been overruled, withdrawn, waived, settled, continued, or resolved, are hereby overruled and denied on the merits.

3.      The Sale and the execution and delivery of the APA are hereby approved, and the Seller is hereby authorized and empowered, but not directed to enter into, and to perform its obligations under, the APA and to execute and perform such other agreements or documents, and take any other actions as are necessary or desirable to effectuate the terms of the APA and the Sale, subject to the terms of this Order.

4.      The APA has been entered into by the Buyer in good faith, and the Buyer is a good faith purchaser of the Purchased Assets as that term is used in Bankruptcy Code section 363(m).

5.      The consideration provided by the Buyer for the Purchased Assets shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law, and the Sale may not be avoided, or costs or damages imposed or awarded under Bankruptcy Code section 363(n) or any other provision of the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, or any other similar federal or state laws.

6. The Trustee is hereby authorized to assume and assign executory contracts and unexpired leases designated by the Buyer (if any) prior to the closing of the Sale. The Buyer shall be solely responsible for cure costs, if any, and to the extent any counterparty objects to such assumption and assignment, the Buyer shall bear the burden of establishing adequate assurance of future performance. The Court retains jurisdiction over any such disputes.

7. The Trustee shall file a notice on the docket in the above-captioned case and provide notice to the counterparty of any Assumed Contract of the Trustee's intent to assume and assign such Assumed Contract to the Buyer in accordance with the APA, which notice should include, among other things, a deadline (the "Objection Deadline") of seven (7) calendar days from the date of service of such notice to object to the assumption and assignment of such Assumed Contract to the Buyer. Upon the expiration of the Objection Deadline, no further Court approval shall be required for the transfer of such Assumed Contracts in accordance with the terms of the APA. To the extent a counterparty to an Assumed Contract timely files an objection with respect to the assumption and assignment of such Assumed Contract, the Trustee and the Buyer shall be authorized to settle or resolve such objection pursuant to the terms of the APA and this Order without further order from this Court; *provided, however*, that if the Trustee, Buyer and the objecting party are unable to resolve such objection, the Trustee may request a hearing on the matter on shortened notice.

8. The Trustee is authorized to enter into, and to perform its obligations under, the Sharing Agreement, to execute and perform such other agreements or documents, and take any other actions as are necessary or desirable to effectuate the terms of the Sharing Agreement, subject to the terms of this Order. As set forth in the Sharing Agreement, the Trustee has stipulated that the Debtors and the Estates do not have any claims, counterclaims, causes of action, defenses, or

setoff rights, whether arising under the Bankruptcy Code or otherwise, against First Out Lender or any of its successors-in-interest, predecessors-in-interest, officers, directors, managers, and members with respect to the liens securing, and the obligations constituting, the First Out Claim Amount and/or the Prepetition Loan Documents.  Entry of this Order constitutes approval of the stipulations and releases contained in the Sharing Agreement, and the Trustee and the Estates are hereafter forever be barred from contravening any of the stipulations therein or bringing, exercising or enforcing any claims released thereunder.  For the avoidance of doubt, the Trustee shall pay the fees and expenses incurred by the Buyer in connection with the preparation of the Motion in an amount not to exceed $6,000, which fees and expenses shall be deducted from the Carve-Out set forth in the Sharing Agreement for the payment of fees of the Trustee and his professionals.

9. Subject to the terms of this Order, at the closing of the Sale, the Seller will be authorized and empowered, but not directed to fully perform under, consummate, and implement the terms of the APA, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the APA, this Order, or the Sale, and to take all further actions as may reasonably be requested by the Buyer for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyer the Purchased Assets, without any further corporate action or orders of this Court. Subject to the terms of the APA, neither the Seller nor the Buyer shall have any obligation to proceed with the closing of the Sale until all conditions precedent to their obligations to do so have been met, satisfied, or waived.

10. Subject to the terms of this Order, upon the closing, the Seller shall be, and hereby is, authorized and empowered, but not directed, pursuant to sections 105, 363(b), and 363(f) of the Bankruptcy Code to consummate the Sale of the Purchased Assets to the Buyer.  The Sale of the

Purchased Assets by the Seller to the Buyer shall constitute a legal, valid, and effective transfer of the Purchased Assets notwithstanding any requirement for approval or consent by any person and vests in the Buyer all rights, title, and interest of the Seller in and to the Purchased Assets, free and clear of all Encumbrances of any kind or nature whatsoever, with any such Encumbrances attaching to the net sale proceeds in the same validity, extent and priority as immediately prior to the Sale.

11. The Motion shall be deemed to provide sufficient notice of the Sale of the Purchased Assets free and clear of all Encumbrances, and no further or other notice is required. Upon the closing, and except as otherwise expressly provided in the APA, all Encumbrances of any kind or nature whatsoever shall not be enforceable against the Buyer or the Purchased Assets. Unless otherwise expressly provided in the APA, the Buyer shall not be responsible for any Encumbrances.

12. The provisions of this Order authorizing the sale and assignment of the Purchased Assets free and clear of Encumbrances shall be self-executing, and neither the Seller nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order.

13. All of the Seller's rights and interests in the Purchased Assets to be acquired by the Buyer under the APA shall be, upon the occurrence of the closing, transferred to and vested in the Buyer, free and clear of all Encumbrances.

14. Each and every federal, state, and local governmental agency or department, and any other person or entity, is hereby authorized to accept any and all documents and instruments in connection with or necessary and appropriate to consummate the Sale contemplated by the APA and this Order.

15. Except to the extent permitted by section 525(a) of the Bankruptcy Code, no governmental unit may revoke or suspend any right, permit, trademark or license relating to the operation of the Purchased Assets sold, transferred, or conveyed to the Buyer on account of the filing or pendency of these chapter 7 cases or the consummation of the Sale.

16. The failure specifically to include or reference any particular provisions of the APA or any related agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court, the Seller, and the Buyer that the APA is authorized and approved in its entirety with such amendments thereto as may be made by the parties in accordance with this Order.

17. This Order and the APA shall be binding upon and govern the acts of all persons and entities, including, without limitation, the Seller and the Buyer, their respective successors and permitted assigns, including, without limitation, all creditors and interest holders of the Debtors (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Purchased Assets.

18. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Buyer to the extent necessary, without further order of this Court, to allow the Buyer to deliver any notice provided for in the APA and to allow the Buyer to take any and all actions and pursue and enforce any and all remedies permitted under the APA in accordance with the terms and conditions thereof, subject to the terms of this Order. The automatic stay under section 362 of the Bankruptcy Code is further modified to the extent necessary to permit the

Trustee to deliver, and the First Out Lender to receive, collect and apply payments and proceeds in respect of the Collateral in accordance with, and to otherwise implement and comply with, the terms and provisions of the Sharing Agreement.

19. By virtue of the Sale, neither the Buyer nor any of its affiliates shall be deemed to: (a) be a legal successor, or otherwise deemed to be a successor, to the Seller or any of the Debtors under any theory of law or equity; (b) have, *de facto* or otherwise, merged with or into any or all Debtors or their estates; (c) have a common identity or a continuity of enterprise with the Seller or the Debtors; (d) be an alter ego or a mere continuation or substantial continuation, or be holding itself out as a mere continuation, of the Seller or the Debtors or any business, enterprise, or operation of the Debtors; or (e) to be liable for any acts or omissions of the Seller or the Debtors in the conduct of the business or arising under or related to the Purchased Assets, other than as set forth in the APA. The Buyer's acquisition of the Purchased Assets shall be free and clear of any "successor liability", vicarious liability, and other types of transferee liability of any kind or nature whatsoever, whether known or unknown as of the closing of the Sale, asserted or unasserted, fixed or contingent, liquidated or unliquidated, and the Purchased Assets shall not be subject to any Encumbrances arising under or in connection with any Excluded Liability. The operations of the Buyer and its affiliates shall not be deemed a continuation of the Debtors' business as a result of the acquisition of the Purchased Assets.

20. This Court shall retain jurisdiction to enforce the terms and provisions of this Order and the APA in all respects and to decide any disputes concerning this Order and APA.

21. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

22. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any of the Encumbrances.

23. The provisions of this Order are non-severable and mutually dependent.

24. To the extent any provision of this Order conflicts with the terms and conditions of the APA, this Order shall govern and control.

25. No bulk sales law or any similar law of any state jurisdiction applies in any way to the Sale or any of the transactions contemplated by the APA.

26. The Seller is authorized, empowered, and directed to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

27. Notwithstanding any other provision of this Order or the APA, no agreement between the Debtors, on the one hand, and Oracle America, Inc. ("Oracle"), on the other hand (the "Oracle Agreements"), will be assumed, assigned, or transferred, and no shared or concurrent use of Oracle's products and services by the Buyer or its affiliates or designees on account of the Oracle Agreements will be authorized, except upon a further Court order (sought with appropriate notice and an opportunity to object) or Oracle's express prior written consent.

Dated: June 2nd, 2023
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE