**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JC USA, Inc. d/b/a Jenny Craig, *et al.*[1] | ) | Case No. 23-10585 (JKS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Objections Due: August 24, 2023 at 4:00 p.m. (ET) |
| | ) | Hearing Date: October 17, 2023 at 1:00 p.m. (ET) |
| | ) | |

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, FOR AN ORDER AUTHORIZING SALE OF A CERTAIN 2020 CHEVROLET TRAVERSE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105, AND 363(b) AND (f)**

Don A. Beskrone, Chapter 7 trustee (the "Trustee") of the above-captioned debtors and their estates, pursuant to sections 105 and 363(b) and (f) of Title 11 of the United States Code (the "Bankruptcy Code"), hereby files the *Motion of Don A. Beskrone, Chapter 7 Trustee, for an Order Authorizing Sale of a Certain 2020 Chevrolet Traverse Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 105, and 363(b) and (f)* (the "Motion"), seeking the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing (i) the sale of a certain asset of the Debtors' estates free and clear of liens, claims, interests and encumbrances pursuant to the terms of the asset purchase agreement (the "APA") attached hereto as **Exhibit B**, and (ii) authorizing and approving the APA. In support of this Motion, the Trustee respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: JC USA, Inc. (0028), JC Franchising, Inc. (7656), New JC Holdings, Inc. (1506), JC Acquisition, Inc. (2395), JC Inter. Holdings, Inc. (3621) and JC Hold, LLC (4170).

{01924797;v1 }

**Jurisdiction and Venue**

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. The statutory predicates for the relief requested include Bankruptcy Code sections 105, 365(b), (f) and (m), and Rules 2002(a)(2), 2002(c)(1) and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2002(a)(2), 2002(c)(1) and 6004(h) and Local Rule 6004-1(b) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

5. Pursuant to Local Rule 9013-1(f) of the Local Rules, the Trustee hereby consents to entry of a final judgment or order in connection with this Motion if it is determined that this Court cannot, absent the consent of the parties, enter such final judgment or order consistent with Article III of the United States Constitution.

**Background[2]**

6. Prior to the Petition Date (as defined below), the Trustee understands that JC USA, Inc. d/b/a Jenny Craig, and its affiliated debtors (collectively, the "Debtors") operated as a weight loss, weight management, and nutrition company that provided ready-to-eat fresh and frozen meals, with personalized meals plans and wellness coaching. The Trustee further understands that

---

[2] The Trustee recites this background based on a preliminary investigation of the Debtor and its business. The Trustee reserves his right to amend or alter this background or other asserted statement of fact as the Trustee learn more about the Debtor through further investigation.

the Debtors' principal place of business, and the location of its principal assets, was 5770 Fleet Street, Carlsbad, CA 92008.

7. On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code thereby commencing these chapter 7 cases (the "Cases"). On May 10, 2023, the Debtors filed their schedules of assets and liabilities and statement of financial affairs [Docket Nos. 1].

8. Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in the Cases.

9. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on June 9, 2023.

10. The Trustee is in the midst of investigating the Debtors' assets with the intent of maximizing value for the benefit of creditors.

11. The Trustee has not filed a motion to operate the businesses of the Debtors pursuant to 11 U.S.C. § 721. The Trustee understands the Debtors currently have no ongoing business operations.

12. Prior to the Petition Date, and in connection with the Debtors' business, the Trustee understands the Debtors, among other things, owned and operated a used 2020 Chevrolet Traverse bearing vehicle identification number 1GNERHKW5LJ176303 (the "Vehicle"). Upon information and belief, the Vehicle is unencumbered, has value and is currently in the possession of (and being safeguarded by) a former employee of the Debtors.

**Relief Requested**

13.     By this Motion, the Trustee seeks authority to sell the Debtors' estates' interests in the Vehicle to Robert and Blair Mitchell (collectively, the "Purchaser")[3] free and clear of liens, claims, interests and encumbrances pursuant to sections 363(b) and (f), subject to higher and better offers prior to the hearing on this Motion.

14.     The Trustee proposes to sell the Vehicle to the Purchaser for $17,000.00.  The Trustee has not conducted marketing efforts; however, the Trustee believes the Purchaser's offer of $17,000.00 represents a fair price (which, in any event, is subject to higher and better offers) in light of the costs and efforts to market and sell the Vehicle (including commissions).

15.     As the vehicle is unencumbered and titled in the name of the Debtors, the Trustee respectfully submits that the Vehicle can and should be sold.

**Basis for Relief Requested**

16.     Pursuant to section 704 of the Bankruptcy Code, the Trustee is directed to "collect and reduce to money the property of the estate for which such trustee serves." 11 U.S.C. §704.

17.     Pursuant to section 363(b)(1) of the Bankruptcy Code, the Trustee, after notice and a hearing, is authorized to "use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. §363(b)(1).

18.     In determining whether a proposed sale under § 363(b)(1) of the Bankruptcy Code is appropriate, courts examine whether a Trustee has exercised sound business judgment in proposing the sale in question.  *See Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 388-90 (6th Cir. 1986); *In re Delaware & Hudson Railway Co.*, 124 B.R. 169 (D. Del. 1991); *In re Industry Valley Refrig. & Air Cond. Supplies,* 77 B.R. 15 (Bankr. E.D. Pa. 1987).

---

[3] The Trustee understands Blair Mitchell previously served as the Executive Assistant to the Debtors' CEO.

19.     The Trustee has determined that consummating a sale of the Vehicle as set forth herein is in the best interests of the Debtors' estates, subject to higher and better offers.

20.     The proposed private sale by the Trustee is intended to maximize the value of the property of the Debtors' estates while minimizing the costs associated with preserving, maintaining and selling the estates' assets. Given the nature of the asset, the Trustee believes marketing and selling the asset without the assistance of a professional broker is reasonable and appropriate as it permits the estates to avoid fees and commissions that would otherwise be incurred in connection with the sale. In light of the foregoing, the Trustee respectfully submits that he has articulated a sound business reason for proceeding with the proposed private sale.

21.     The Trustee may sell such property free and clear of an interest (if any) in such property if:

   a. applicable nonbankruptcy law permits sale of such property free and clear of such interest;
   b. such entity consents;
   c. such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
   d. such interest is in bona fide dispute; or
   e. such entity can be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

22.     In the present case, the Trustee understands the Vehicle is <u>not</u> subject to a lien or other interest. Accordingly the sale of the Vehicle is appropriate pursuant to 11 U.S.C. §§ 363(b) and 363(f) (in the event any third party asserts an interest).

23.     In approving the sale of the Vehicle as provided herein free and clear of all liens, claims and encumbrances, the Trustee requests that this Court find that the Purchaser of the Vehicle is a good-faith purchaser and entitled to the protections of section 363(m) of the Bankruptcy Code.

The Trustee submits that such relief is appropriate given the circumstances of this case, and the notice provided to known, asserted lienholders.

24. Local Rule 6004-1(b)(iv) regarding sale motions in this district requires that certain provisions be highlighted in sale pleadings. To the extent that those provisions are applicable to the proposed sale, the Trustee respectfully states as follows:[4]

- *Private Sale/No Competitive Bidding.* Based on the value of the and nature of the assets being sold, the Trustee has determined that a private sale of the Vehicle would reasonably yield the highest and best return for the Debtors' estates. The offer in the APA attached to this Motion is the highest received by the Trustee so far. However, the APA is subject to higher and/or better offers*;*

- *Closing and Other Deadlines.* Competitive bids, if any, will be considered up to and including the date of the hearing on the Motion;

- *Good Faith Deposit.* The proposed Purchaser of the Vehicle has made a good faith deposit of $1,700.00. If the Trustee cancels the APA, the deposit will be returned. If the Purchaser fails to take all actions required to close under the terms set forth in the APA, the deposit shall be forfeited*;*

- *Use of Proceeds.* The sale proceeds will be available for creditors of the Debtors' estates;

- *Relief from Bankruptcy Rule 6004(h).* The Trustee respectfully requests that the Court waive the provisions of Federal Rule of Bankruptcy Procedure 6004(h) requiring the sale be stayed for 14 days after entry of an order authorizing the sale. Doing so will relieve the Debtors' estates from the cost and administrative expenses associated with preserving and maintaining the Vehicle.

## Notice

25. The Trustee has provided notice of this Motion by serving a copy of the Motion upon: (a) the Office of the United States Trustee for the District of Delaware; (b) the Purchaser and/or Purchaser's counsel; and (c) all parties that have requested service in the Debtors' cases

---

[4] The following does not address each of the illustrative provisions of Del. Bankr. LR 6004-1(b)(iv); rather, the Trustee identifies and highlights only those provisions of the local rule that are implicated by the terms of the proposed sale(s) of assets.

pursuant to Fed.R.Bankr.P. 2002. The Trustee respectfully submits that no further notice is required.

### No Prior Request

26. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: August 10, 2023

**ASHBY & GEDDES, P.A.**

*/s/ Ricardo Palacio*
Ricardo Palacio (DE Bar No. 3765)
Benjamin W. Keenan (DE Bar No. 4724)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel: (302) 654-1888
Email: RPalacio@ashbygeddes.com
         BKeenan@ashbygeddes.com

*Counsel for Don A. Beskrone,*
*Chapter 7 Trustee*