# EXHIBIT B

**(Asset Purchase Agreement)**

**ASSET PURCHASE AGREEMENT**

**7/31/2023**

**Between**

**ROBERT MITCHELL AND BLAIR MITCHELL**

**And**

**DON BESKRONE, TRUSTEE IN BANKRUPTCY FOR JC USA, INC.,** *et al.*

This Asset Purchase Agreement ("Agreement") dated as of the date above, is by and between Don A. Beskrone, Chapter 7 Trustee for JC USA, Inc., and its affiliated debtors, (the "Trustee" or "Seller") and Robert and Blair Mitchell (the "Purchasers," and together with the Seller/Trustee, the "Parties").

**WITNESSETH:**

WHEREAS, on May 5, 2023 (the "Petition Date"), JC USA, Inc. and its affiliated debtors (the "Debtors") filed voluntary petitions for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), Case No. 23-10585 (JKS); and

WHEREAS, the Debtors own certain assets consisting of, among other things, a certain 2020 Chevrolet Traverse bearing vehicle identification number 1GNERHKW5LJ176303 (the "Vehicle"); and

WHEREAS, subject to the Court's approval, the Seller wishes to sell to the Purchasers, and the Purchasers wish to purchase from the Seller, the Vehicle on the terms and subject to the conditions set forth herein;

NOW, THEREFORE, in consideration of the promises, the representations, warranties, covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound hereby, the Parties agree that:

**I. PURCHASE AND SALE OF THE VEHICLE**

a. Purchase and Sale of the Vehicle. Subject to the terms and conditions set forth in this Agreement, Purchasers agree to purchase from Seller and the Seller agrees to sell to Purchasers, the Vehicle. The Vehicle is being sold "AS IS" and "WHERE IS" and without any representations or warranties (express or implied) of any kind or nature except as set forth herein. The Vehicle is being sold free and clear of all interests,

{01925248;v1 }

mortgages, liens, claims, judgments, encumbrances and charges of any kind or nature, if any, (the "Liens" and "Claims"). All Liens and Claims, if any, shall attach to the net proceeds of the sale in the order of their priority, with the same validity, force and effect that they now have as against the Vehicle.

b. Termination. This Agreement may be terminated at any time prior to the Closing (as hereinafter defined):

   (i)   by mutual agreement of the Seller and Purchasers;

   (ii)  by Purchasers if there has been a material breach by the Seller of any covenant, agreement, representation or warranty contained in this Agreement which has not been cured within 15 days after notice to the Seller or which has rendered the satisfaction of any condition to the obligations of Purchasers impossible and such breach has not been waived by Purchasers;

   (iii) by Seller if there has been a material breach by the Purchasers of any covenant, agreement, representation or warranty contained in this Agreement which has not been cured within 15 days after notice to the Purchasers or which has rendered the satisfaction of any condition to the obligations of Seller impossible and such breach has not been waived by Seller;

c. Effect of Termination. In the event of a termination of this Agreement as provided herein, this Agreement shall become void and there shall be no liability or obligation on the part of the Purchasers or the Seller; provided, however, that nothing herein shall relieve a party from liability for a breach of this Agreement prior to such termination.

## II. EXCLUSION OF LIABILITIES AND OBLIGATIONS

a. Purchasers do not assume any liabilities, obligations or commitments of the Debtors, the Debtors' estates or the Trustee with respect to the Vehicle. Pursuant to Section 363(b) and (f) of the Bankruptcy Code, the sale by this Agreement is free and clear of all interests, mortgages, liens, claims, judgments, encumbrances and charges of any kind or nature.

## III. PURCHASE PRICE AND PAYMENT

a. Amount. In consideration of the Seller's sale, assignment and transfer of the Vehicle, Purchasers shall pay to the Trustee seventeen thousand dollars ($17,000.00) (the "Purchase Price").

b. Deposit. The Purchasers shall pay a 10% deposit (the "Deposit") upon the execution of this Agreement. The Deposit shall be held in trust by the Trustee pending the Closing Date (as hereinafter defined) and completion of the sale. If the Court does not approve the sale to the Purchasers as the result of a higher or better offer, the

Agreement is terminated as a result of the Trustee's breach, or the Court does not approve the sale contemplated herein, the Deposit shall be returned to the Purchasers. If the Purchasers fail to take all actions required to close the sale in accordance with the terms set forth herein, the deposit shall be forfeited.

c. <u>Payment Terms</u>. On the Closing Date Purchasers shall pay the balance of the Purchase Price, via check payable to "Don A. Beskrone, Chapter 7 Trustee for JC USA, Inc., *et al*."

## IV. CLOSING

a. <u>Court Approval</u>. This sale is subject to notice to creditors, higher and better offers, and Court approval in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Court's Local Rules of Bankruptcy Practice and Procedure. The Trustee shall file a motion to seek the Court's approval of this Agreement and the transactions contemplated in this Agreement. Higher and better offers will be considered until the Court enters an order approving the sale (the "<u>Sale Order</u>").

b. <u>Closing</u>. Subject to the terms and conditions set forth in this Agreement, the closing of the purchase and sale of the Vehicle (the "<u>Closing</u>") shall take place at the offices of Ashby & Geddes, P.A., or at such other location as is mutually acceptable to the Parties. The Closing shall take place within 10 days (the "<u>Closing Date</u>") of the Court entering an order approving this Agreement and sale, unless such time is extended by the Trustee.

c. <u>Seller's Deliveries at Closing</u>. At the Closing, the Seller shall deliver to the Purchasers:

    (i)    A copy of the Sale Order;
    (ii)   A bill of sale substantially in the form attached hereto.

## V. REPRESENTATIONS AND WARRANTIES

a. <u>Purchasers' Representations and Warranties</u>. Purchasers represent and warrant to the Trustee that Purchasers have all power and authority to enter into this Agreement and consummate the purchase of the Vehicle; and that this Agreement is a valid and binding obligation of Purchasers, enforceable in accordance with its terms and bankruptcy, insolvency, reorganization, moratorium, fraudulent conveyance or other laws of general application affecting enforcement of creditors' rights generally or by general principles of equity that restrict the availability of equitable remedies.

b. <u>Trustee's Representations and Warranties.</u> Trustee represents and warrants to Purchasers that Trustee has the legal capacity to enter into this Agreement and consummate the sale of the Vehicle; that Trustee is the duly appointed trustee in the Debtors' bankruptcy cases;

and that this Agreement is a valid and binding obligation of Trustee, enforceable in accordance with its terms and applicable bankruptcy, insolvency, reorganization, moratorium, fraudulent conveyance or other laws of general application affecting enforcement of creditors' rights generally or by general principles of equity that restrict the availability of equitable remedies.

    c.    <u>Title to the Vehicle</u>. Trustee represents and warrants to Purchasers that all of the Debtors' estates' right, title and interest in the Vehicle will be transferred to Purchasers free and clear of all interests, liens, claims, judgments, encumbrances and charges of any kind and nature pursuant to Section 363 of the Bankruptcy Code.

    d.    The representations and warranties of Trustee and Purchasers in this section shall survive Closing.

## VI. MISCELLANEOUS

    1.    **Governing Law.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Delaware, excluding those laws that direct the application of the laws of another jurisdiction. The Court shall retain jurisdiction to enforce the terms of this Agreement and to decide any claims or disputes which may arise or result in connection with this Agreement.

    2.    **Counterparts; Electronic Delivery.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Receipt by facsimile, scanned copy or portable document format (PDF) of any executed signature page to this Agreement shall constitute effective delivery of such signature page.

    3.    **Headings.** The headings of the sections of this Agreement are for convenience and shall not by themselves determine the interpretation of this Agreement.

    4.    **Survival of Warranties.** The warranties and representations of the Parties contained in or made pursuant to this Agreement shall survive the execution and delivery of this Agreement and the Closing; provided, however, that such representations and warranties need only be accurate as of the date of such execution and delivery and as of the Closing.

    5.    **Amendment of Agreement.** Any provision of this Agreement may be amended only by a written instrument signed by Purchasers and by the Trustee.

    6.    **Entire Agreement; Successors and Assigns.** This Agreement constitutes the entire understanding between the Trustee and Purchasers in relation to the subject matter hereof. Any prior and contemporaneous agreement, discussion, understanding or correspondence between the Trustee and Purchasers regarding the purchase of the Vehicle is superseded by this Agreement. Subject to the exceptions specifically set forth in this Agreement, the terms and conditions of this Agreement shall inure to the benefit of and be binding upon the respective executors, administrators, heirs, successors, and assigns of the Parties.

**IN WITNESS WHEREOF**, the Parties have duly executed this Agreement as of the date first written above.

PURCHASERS:

**ROBERT and BLAIR MITCHELL**

_____
Robert Mitchell

_____
Blair Mitchell

SELLER:

**DON A. BESKRONE, CHAPTER 7 TRUSTEE**

_____
Don Beskrone, Trustee

## BILL OF SALE AND MUTUAL RELEASE

I, Don A. Beskrone, the Chapter 7 trustee (the "Trustee" or "Seller") of JC USA, Inc. and its affiliated debtors (collectively, the "Debtors"), Case No. 23-10585 (JKS), pending in the United States Bankruptcy Court for the District of Delaware (the "Court"), do hereby sell and transfer, as owner of that certain __2020__ (Year) __Chevrolet__ (Make) __Traverse__ (Model) bearing VIN: __1GNERHKW5LJ176303__ (VIN No.) with an odometer reading of __14,507__ (Odometer Reading) (the "Vehicle"), this Vehicle, free and clear of all liens, claims and encumbrances, "AS IS, WHERE IS" and with no representations or warranties of any kind, to __Robert Mitchell and Blair Mitchell__ (Name) [INSERT] __2169 Alta Vista Dr. Vista, CA__ (Address) the ("Purchasers") for the sum of $__17,000.00__ (Amount).

Except for the sale contemplated in and provided by this Bill of Sale and Mutual Release, each of the Trustee and the Debtors' estates (collectively, the "Estate Parties"), on the one hand, and Purchasers, on the other hand, release and discharge the other, as the case may be, from any and all claims and causes of action, suits, debts, liens, obligations, damages or other claims, defenses and demands (including attorneys' fees), whether known or unknown, fixed or contingent, of any kind of character regarding the Vehicle.

I declare under penalty of perjury that the statements herein contained are true and correct to the best of my knowledge and belief.

__/s/ signature__  __08 / 07 / 2023__
(Seller's Signature)    (MM/DD/YYYY)

__/s/ signature__  __08 / 02 / 2023__
(Purchaser's Signature)    (MM/DD/YYYY)

__/s/ Mitchell__  __08 / 02 / 2023__
(Purchaser's Signature)    (MM/DD/YYYY)

{01925268;v1 }