# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JC USA, Inc., *et al.*[1] | ) | Case No. 23-10585 (JKS) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | **Obj. Deadline: January 24, 2024 at 4:00 p.m. (ET)** |
| | | **Hearing Date: February 15, 2024 at 1:00 p.m. (ET)** |

## MOTION OF DON A. BESKRONE, CHAPER 7 TRUSTEE, FOR ORDER (I) AUTHORIZING ABANDONMENT AND DESTRUCTION OF CERTAIN OF THE DEBTORS' RECORDS AND (II) APPROVING SETTLEMENT WITH IRON MOUNTAIN INFORMATION MANAGEMENT, INC.

Don A. Beskrone, chapter 7 trustee (the "Trustee") of the above-captioned debtors (the "Debtors") and their estates (the "Estates"), pursuant to sections 105 and 554 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby files the *Motion of Don A. Beskrone, Chapter 7 Trustee, for an Order (I) Authorizing Abandonment and Destruction of Certain of the Debtors' Records and (II) Approving Settlement with Iron Mountain Information Management, Inc.* (the "Motion"), seeking the entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing the abandonment and destruction of certain of the Debtors' records pursuant to 11 U.S.C. § 105(a) and 554(a), and (ii) approving a settlement with Iron Mountain Information Management, Inc. ("Iron Mountain"). In support of this Motion, the Trustee respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: JC USA, Inc. (0028), JC Franchising, Inc. (7656), New JC Holdings, Inc. (1506), JC Acquisition, Inc. (2395), JC Inter. Holdings, Inc. (3621) JC Hold, LLC (4170).

{01940519;v1 }

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4. The statutory predicates for the relief requested include sections 105 and 554 of the Bankruptcy Code, Rules 2002(a)(2), 2002(c)(1), 6004(h) and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(c) of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

5. Pursuant to Local Rule 9013-1(f) of the Local Rules, the Trustee hereby consents to entry of a final judgment or order in connection with this Motion if it is determined that this Court cannot, absent the consent of the parties, enter such final judgment or order consistent with Article III of the United States Constitution.

**BACKGROUND**

6. Prior to the Petition Date (as defined below), the Trustee understands that JC USA, Inc. and its affiliated Debtors operated as a weight loss, weight management, and nutrition company that provided ready-to-eat fresh and frozen meals, with personalized meals plans and wellness coaching. The Trustee further understands that the Debtors' principal place of business, and the location of its principal assets, was 5770 Fleet Street, Carlsbad, CA 92008.

7. On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code thereby commencing these chapter 7 cases (the

"Cases"). On May 10, 2023, the Debtors filed their schedules of assets and liabilities and statement of financial affairs [Docket Nos. 1].

8. Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in the Cases.

9. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on June 9, 2023. Mr. Beskrone thus serves as the Trustee of the Debtors' and their Estates pursuant to 11 U.S.C. § 702(d).

10. On June 2, 2023, the Court approved the sale of substantially all of the Debtors' assets to JCR Holdings, LLC [Docket No. 15]. In connection with his administration of the Debtors' Estates, the Trustee learned that the Debtors maintained approximately 13,000 – 14,000 boxes of books and records at an Iron Mountain facility located in California. Following discussions with counsel to Iron Mountain, the Trustee and his counsel completed a high-level review of the books and records stored at Iron Mountain, and confirmed the contents of the boxes based on the indices relating to the same. A significant number of the boxes contain business records from 2019 or earlier (the "Historical Documents"), and many are from the 1990s. A number of the boxes also contain store-specific records (and deal with real estate matters generally), relate to sales and concern "human resources" (collectively, the "Miscellaneous Documents" and together with the Historical Documents, the "Documents"). The Trustee believes that most, if not all, of these books and records are not relevant or necessary to the Trustee's administration of the Estates.

11. The Trustee's administration of the Estates is ongoing and, at this time, the Trustee is unable to forecast how much time will be needed to fully administer the Estates. The

Trustee anticipates that causes of action may be brought against third parties, a path which invites an unknown timeline to the Estates. However, the Trustee does not believe that the Documents will be necessary for his administration of the Estates. The Trustee also does not believe that the Documents will provide any value or potential benefit to the Estates. That is particularly the case here as the Trustee has obtained (and currently maintains) numerous records in electronic format.

12. Therefore, under the circumstances of these cases, the Trustee seeks authority to abandon and destroy the Documents. The disposal of the Documents will save the Estates from incurring future costs associated with the storage of thousands of boxes of books and records at a third party facility for an indefinite period of time, and will compromise existing claims of Iron Mountain that approximate $100,000.00. In addition, the Trustee believes a number of the Documents may contain confidential or personally identifiable information, such as the human resources records. Thus, the Trustee seeks authority to destroy securely any Documents containing confidential or personally identifiable information.

13. After much discussion and negotiation, the Trustee and Iron Mountain have reached agreement on the process for and costs associated with the destruction of the Documents. Among other things, the Trustee shall pay Iron Mountain $60,000.00 for the destruction of the Documents (and in resolution and satisfaction of any claims held or asserted by Iron Mountain against the Debtors and their Estates), and Iron Mountain shall deliver to the Trustee approximately 50 boxes the Trustee has requested. A true and correct copy of such agreement is attached hereto as **Exhibit B** (the "Iron Mountain Agreement"). The Trustee believes the pricing obtained from Iron Mountain is favorable to the Estates based on an estimate received from a third party vendor.

**BASIS FOR RELIEF**

14.     Through this Motion, the Trustee seeks authority to destroy, discard or abandon the Documents. Section 554 of the Bankruptcy Code states: "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The Trustee's decision to abandon assets of the estate is reviewed under the business judgment standard. *E.g.*, *In re Wilson*, 94 B.R. 886, 888-89 (Bankr. E.D. Va. 1989).

15.     The Trustee believes that both disjunctive standards contained in Section 554 are met in these cases with respect to the Documents. This property is "burdensome" within the meaning of Section 554 of the Bankruptcy Code in that the costs associated with transporting thousands of boxes of the Documents from the Iron Mountain California to a third party storage facility, and then storing those thousands of boxes of Documents for an indefinite period of time (only to later be destroyed) will be significant. The Trustee wishes to eliminate future costs associated with the transportation and storage of the Documents. *See generally* COLLIERS ON BANKRUPTCY, ¶ 554.02 [1]. Furthermore, the Trustee believes the Documents do not contain information of substance or utility to the remaining administration of the Estates. The Documents are therefore of inconsequential value and benefit to the Estates.

16.     Moreover, the Trustee believes the accord reached with Iron Mountain will inure to the benefit of the Estates and, critically, creditors. That resolution, the Trustee respectfully submits, provides for (i) a consensual resolution of all claims asserted by Iron Mountain against the Debtors and their Estates, (ii) a means for the disposition of the Documents and (iii) the setting of a competitive (if not favorable) price for the disposition of the Documents. Thus, by

this Motion, the Trustee seeks this Court's approval of the settlement with Iron Mountain, including the proposed releases contemplated thereunder, pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

17. Bankruptcy Rule 9019 provides that after notice and a hearing, the Court may approve a proposed settlement or compromise. The decision whether to accept or reject a compromise lies within the sound discretion of the Court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts International, Inc.,* 145 B.R. 412, 451 (Bankr. D.N.J. 1990). Approval of a settlement is appropriate if it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

18. When analyzing settlements, courts in the Third Circuit generally consider:

- the probability of success in litigation;
- the likely difficulties in collection;
- the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
- the paramount interest of the creditors.

*See Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)*, 253 F.3d 159 (3d Cir. 2002); *In re Martin*, 91 F.3d 389, 392 (3d Cir. 1996). To approve a settlement under Bankruptcy Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness. *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993).

19. The Trustee respectfully submits that the terms of the Iron Mountain Agreement satisfy the criteria for approval under Bankruptcy Rule 9019. First, while the Trustee does not believe that litigation is necessary, any motion practice will result in risk and expense to the Estates. Second, collection risk is not a material consideration here as the Iron Mountain

settlement reduces claims *against* the Estates. Third, though the storage of the Documents does not present a complex issue, the costs associated with the continued storage of those Documents militates in favor of a settlement now. And, finally, the settlement yields a benefit to the Estates and creditors. To require the continued storage would result in added expenses, none of which should be borne by the Estates given the inconsequential value of those Documents to the administration of the Estates.

20. Thus, for the reasons stated above, the Trustee respectfully submits that the Iron Mountain settlement yields a benefit to the Estates, and that the interests of creditors are best served by the approval thereof.

WHEREFORE, the Trustee respectfully requests that the Court enter the attached form of order (i) authorizing (but not directing) the abandonment and destruction of the Documents, (ii) approving the Iron Mountain settlement and (iii) granting such other and further relief as is just and proper.

Dated: January 9, 2024

**ASHBY & GEDDES, P.A.**

*/s/ Ricardo Palacio*
Ricardo Palacio (DE Bar No. 3765)
Benjamin W. Keenan (DE Bar No. 4724)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel: (302) 654-1888
Email: RPalacio@ashbygeddes.com
           BKeenan@ashbygeddes.com

*Counsel for Don A. Beskrone,
Chapter 7 Trustee*