**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JC USA, Inc., *et al.*,[1] | ) | Case No. 23-10585 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Obj. Deadline: May 6, 2024 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: May 14, 2024 at 1:00 p.m. (ET)** |

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE,
PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b), FED. R. BANKR. P. 6004,
AND LOCAL RULE 6004-1, FOR AN ORDER AUTHORIZING THE PRIVATE SALE
OF CERTAIN VISA/MASTERCARD LITIGATION CLAIMS**

Don A. Beskrone, chapter 7 trustee (the "Trustee") of the above-captioned debtors (the "Debtors") and their estates (the "Estates"), by and through his undersigned counsel, pursuant to 11 U.S.C. 105(a), 363(b) of Title 11 of the United States Code (as may be amended, the "Bankruptcy Code"), Rules 2002, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), hereby files the *Motion of Don A. Beskrone, Chapter 7 Trustee, Pursuant to 11 U.S.C. §§ 105(a) and 363(b), Fed. R. Bankr. P. 6004, and Local Rule 6004-1, for an Order Authorizing the Private Sale of Certain Visa/Mastercard Claims* (the "Motion"), seeking entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing a sale of certain potential claims free and clear of any liens, encumbrances, and other interests. In further support of the Motion, the Trustee respectfully represents as follows:

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: JC USA, Inc. (0028), JC Franchising, Inc. (7656), New JC Holdings, Inc. (1506), JC Acquisition, Inc. (2395), JC Inter. Holdings, Inc. (3621) and JC Hold, LLC (4170).

{02008635;v1 }

**Jurisdiction and Venue**

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper in this district pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory and legal predicates for the relief requested herein are sections 105, 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and Local Rule 6004-1.

**Relevant Background**

**A. Procedural Background.**

5. Prior to the Petition Date (as defined below), the Trustee understands that JC USA, Inc. and its affiliated Debtors operated as a weight loss, weight management, and nutrition company that provided ready-to-eat fresh and frozen meals, with personalized meals plans and wellness coaching. The Trustee further understands that the Debtors' principal place of business, and the location of its principal assets, was 5770 Fleet Street, Carlsbad, CA 92008.

6. On May 5, 2023, (the "Petition Date"), Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* in the United States Bankruptcy Court for the District of Delaware. On May 10, 2023, the Debtors filed their schedules of assets and liabilities and statement of financial affairs.

{02008635;v1 }

7. Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in the Cases.

8. A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held and concluded on June 9, 2023. Mr. Beskrone thus serves as the Trustee of the Debtors' and their Estates pursuant to 11 U.S.C. § 702(d).

9. On June 2, 2023, the Court approved the sale of substantially all of the Debtors' assets to JCR Holdings, LLC. [D.I. 15].

**B. The Proposed Sale.**

10. While in the process of administering the Debtors' Estates, the Trustee has learned of a class action lawsuit (the "Litigation"), *In Re Payment Card Interchange Fee and Merchant Discount Antitrust* Litigation, Case No. 05-MD-1720 (MKB)(JO), pending in the United States District Court for the Eastern District of New York. To the best of the Trustee's understanding, the Litigation was filed in response to alleged wrong acts of Visa and Mastercard taken against merchants regarding improper interchange fees and other alleged bad acts between January 1, 2004, to January 25, 2019.

11. On April 9, 2024, the Trustee authorized BNKRPT – an entity familiar with the Litigation and the claims at issue -- to investigate certain rights and claims to recovery arising from the Litigation (the "Visa/Mastercard Claims") that may inure to the benefit of the Debtors and their Estates.

12. In addition, and in connection therewith, the Trustee and BNKRPT (collectively, the "Parties") negotiated a proposed sale (the "Proposed Sale") of the Visa/Mastercard Claims to

BNKRPT. The Parties have formalized their terms of sale in a Purchase Agreement (the "APA"), an executed copy of which is attached as **Exhibit 1** to the Order.

13. The Trustee respectfully submits that there is sound business justification for selling the Visa/Mastercard Claims to BNKRPT. The Proposed Sale to BNKRPT, and the terms of the APA, will allow the Trustee to not only generate a possible basis for future dividends to creditors, but will also allow the Trustee to eliminate potential fees and expenses associated with the prosecution of the Visa/Mastercard Claims.

**C. The Terms of the APA.**

14. Pursuant to negotiations with BNKRPT and the APA, the Trustee has agreed to assign, transfer, and sell any Visa/Mastercard Claims the Estates may have, free and clear of any liens, claims, encumbrances, and other interest, to BNKRPT. As consideration therefor, the Debtors' Estates shall receive a fifty percent (50%) interest in any net proceeds realized from the Visa/Mastercard Claims.

15. The salient terms of the APA and the Proposed Sale between the Trustee (as "Seller") and BNKRPT (as "Buyer") include the following:[2]

   1. **Purchase Consideration.** Buyer agrees to purchase and Seller agrees to sell the Visa/Mastercard Claims in accordance with and pursuant to the following terms: a) 20% of the gross proceeds received for or on account of the Visa/Mastercard Claims shall be paid to the processing firm with which BNKRPT has pre-negotiated a contingency fee; b) all reasonable and documented expenses incurred by BNKRPT which consist of third-party costs to maximize the claim amount - eg. fees charged by merchant processors to obtain historical credit card processing transaction data – shall be paid from the gross proceeds realized from the Visa/Mastercard Claims, if any; and c) all remaining proceeds received for or on account of the Visa/Mastercard Claims (after satisfaction of a) and b) above) shall be divided equally (50/50) between BNKRPT and the Estates. For the avoidance of doubt, in the event no or insufficient proceeds are received for or on account of the Visa/Mastercard

---

[2] In the event of any conflict or inconsistency with the summary provided herein and the terms of the APA, the APA shall govern.

{02008635;v1 }

Claims, neither the Trustee nor the Estates shall have any responsibility for the payment and/or satisfaction of any of the foregoing expenses.

2. **Bankruptcy Court Approval.** The sale of the Visa/Mastercard Claims is expressly conditioned upon the entry of a final order by the Bankruptcy Court approving the sale of the Visa/Mastercard Claims to Buyer.

3. **Distributions.** Seller agrees that in the event Seller receives any payments, recoveries, proceeds, disbursements or distributions with respect to or relating to the Visa/Mastercard Claims, whether in the form of cash, securities, instruments or other property, Seller will accept the same as Buyer's agent and will hold the same in trust for and on behalf of and for the sole benefit of Buyer, and, at Seller's expense, promptly deliver the same forthwith to Buyer in the same form received (free of any withholding, set-off, claim or deduction of any kind), together with any endorsements or documents necessary to transfer such distributions or payments to the Buyer, within five (5) business days in accordance with Buyer's written instructions.

4. **Sale Subject to Higher and Better Bids.** Buyer understands, acknowledges and agrees that the Trustee, as a fiduciary, may solicit inquiries, proposals or other offers from third parties for the Visa/Mastercard Claims, and the Trustee may discuss and negotiate such inquiries, proposals or offers and provide information to third parties in connection therewith.

5. **Consultation Rights.** Buyer will have sole discretion to prosecute and/or settle the Visa/Mastercard Claims for any amount provided, however, that Buyer shall (i) prosecute and/or settle the Visa/Mastercard Claims in good faith; and (ii) consult with and update Seller, periodically, regarding the status and/or potential disposition of the Visa/Mastercard Claims..

16. In accordance with Local Rule 6004-1, the Trustee highlights the following material terms of the Proposed Sale:

| Local Rule 6004-1 Disclosure | Terms of the APA |
|---|---|
| **Sale to Insider** | N/A |
| **Agreements with Management** | N/A |
| **Releases** | N/A |
| **Private Sale / No Competitive Bidding** | Buyer and Seller acknowledge that the APA must be approved by the Bankruptcy Court. Buyer understands, acknowledges and agrees that the Trustee, as a fiduciary, may solicit inquiries, proposals or other offers from third parties for the Visa/Mastercard Claims, and the Trustee |

| | |
|---|---|
| | may discuss and negotiate such inquiries, proposals or offers and provide information to third parties in connection therewith.<br><br>The Trustee seeks approval of a private sale without an auction process, subject to higher and better offers. |
| **Closing and Other Deadlines** | N/A |
| **Good Faith Deposit** | N/A |
| **Interim Arrangements with Proposed Purchaser** | N/A |
| **Use of Proceeds** | N/A |
| **Tax Exemption** | N/A |
| **Record Retention** | N/A |
| **Sale of Avoidance Actions** | N/A |
| **Requested Findings as to Successor Liability** | N/A |
| **Sale Free and Clear of Unexpired Leases** | N/A |
| **Credit Bid** | N/A |
| **Relief from Bankruptcy Rule 6004(h)** | The Parties seek relief from the 14 day stay pursuant to Fed. R. Bankr. P. 6004. |

## Relief Requested

17. By this Motion, the Trustee seeks to sell, free and clear of any liens, claims, encumbrances, and other interests, its interest in any Visa/Mastercard Claims to BNKRPT pursuant to 11 U.S.C. §§ 105 and 363, Bankruptcy Rule 6004, and Local Rule 6004-1.

## Basis for Relief

**A. The Sale of the Visa/Mastercard Claims Under Bankruptcy Code Section 363(b) is Appropriate.**

18. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate[.]" 11 U.S.C. § 363(b)(1). "The framework of section 363 is designed to allow a trustee (or a debtor in possession) the flexibility to engage in ordinary transactions without unnecessary creditor and bankruptcy court oversight, while protecting creditors by giving them an opportunity to be heard when transactions are not ordinary." *In re Neilson Nutraceutical, Inc.*, 369 B.R. 787, 796 (Bankr. D. Del. 2007) (quoting *In re Roth Am., Inc.*, 975 F.2d 949, 952 (3d Cir. 1992)). "Transactions under § 363 must be based upon the sound business judgment of the debtor or trustee." *In re Filene's Basement, LLC*, 2014 WL 1713416, at *12 (Bankr. D. Del. Apr. 29, 2014) (citing *In re MF Global Inc.*, 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012). "Generally, where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Id*. (citation and internal quotation omitted).

19. Moreover, Section 105(a) of the Bankruptcy Code provides the Court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of section 105(a) is "to assure the bankruptcy courts' power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). This is consistent with the broad equitable authority of the bankruptcy courts. *See, e.g., In re Continental Airlines,* 203 F.3d 203, 211 (3d Cir. 2000) ("Section 105(a) of the Bankruptcy Code supplements courts' specifically enumerated

bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code.").

20. The Trustee respectfully submits that the sale of the Visa/Mastercard Claims to BNKRPT is both warranted and reasonable and well within the Trustee's sound business judgment. The Proposed Sale to BNKRPT and the terms of the APA will allow the Trustee to generate a possible basis for future dividends to creditors.

21. Accordingly, the Trustee submits that the sale of the Debtors' interest in the Visa/Mastercard Claims as set forth herein is in the Estates' and creditors' best interests and, thus, should be approved.

### B. Sale of the Visa/Mastercard Claims "Free and Clear" Under Bankruptcy Code Section 363(f) is Appropriate.

22. Bankruptcy Code section 363(f) provides that a sale of encumbered property "free and clear of any interest" is permissible, only if "applicable non-bankruptcy law permits sale of such property free and clear of such interest," entities holding interests in the property consent to the sale, "such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, such interest is in bona fide dispute, or such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f). Because section 363(f) is drafted in the disjunctive, only one of these five conditions need to be met. Moreover, a debtor (or trustee) possess broad authority to sell assets free and clear of liens. *See In re Trans World Airlines, Inc.,* 322 F.3d 283, 289 (3d Cir. 2003).

23. The Trustee respectfully submits, in his business judgment, that it is appropriate to sell the Debtors' interest in the Visa/Mastercard Claims "free and clear" because the Trustee anticipates that, to the extent that a lien, claim, encumbrance, or other interest in the

{02008635;v1 }

Visa/Mastercard Claims exists, one or more of the five conditions under section 363(f) can be satisfied. In particular, all parties-in-interest will receive notice and will be given sufficient opportunity to object to the relief requested. Such lienholders that do not object to the proposed sale should be deemed to have consented. *See FutureSource LLC v. Reuters Ltd,* 312 F.3d 281, 285-86 (7th Cir. 2002) ("It is true that the Bankruptcy Code limits the conditions under which an interest can be extinguished by a bankruptcy sale, but one of those conditions is the consent of the interest holder, and lack of objection (provided of course there is notice) counts as consent.").

24. As such, the Trustee requests that the Court authorize the sale "free and clear" of any liens, claims, encumbrances, and other interests that may exist under 11 U.S.C. § 363(f).

**C. The Sale Should Be Subject to the Protections of Section 363(m).**

25. Section 363(m) of the Bankruptcy Code provides, in part, that the reversal of modification on appeal of an authorization of a sale pursuant to section 363(b) or (c) does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless

such authorization and such sale or lease were stayed pending appeal. *See* 11 U.S.C. § 363(m). The Trustee requests that the Court find and hold that BNKRPT be entitled to the protections afforded by section 363(m). Such relief is appropriate because the Parties engaged in arm's length, good faith negotiations and all parties-in-interest will have the opportunity to review and object to the proposed sale. *See also Esposito v. Title Ins. Co. of Pa. (In re Fernwood Mkts.),* 73 B.R. 616, 620 (Bankr. E.D. Pa. 1987) (stating that upon notice to lienholders, section 363(m) protects good faith purchasers).

**D. Relief from Bankruptcy Rule 6004(h).**

26. The Trustee respectfully requests that the Court waive the provisions of Federal Rule of Bankruptcy Procedure 6004(h) requiring the sale be stayed for 14 days after entry of an order authorizing the sale. The Trustee understands the deadline for submitting the Visa/Mastercard Claims is May 31, 2024, and thus the Parties respectfully submit that time is of the essence, and thus relief from the stay of Rule 6004(h) is appropriate under the circumstances present here.

## Notice

27. The Trustee has provided notice of this Motion via electronic mail (where possible) and first-class mail to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors' first-out lenders; (c) BNKRPT; and (d) any persons who have filed request for notice in this case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

## No Prior Request

28. No prior application for the relief requested herein has been made to this or any other court.

Dated: April 22, 2024

**ASHBY & GEDDES, P.A.**

*/s/ Ricardo Palacio*
Ricardo Palacio (DE Bar No. 3765)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel: (302) 654-1888
Email: RPalacio@ashbygeddes.com

*Counsel for Don A. Beskrone,
Chapter 7 Trustee*