# Exhibit 1

## (Stipulated Protective Order)

{02105382;v2 }

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| JC USA, Inc., *et al.*[1] | Case No. 23-10585 (JKS) |
| Debtors. | (Jointly Administered) |

**STIPULATED PROTECTIVE ORDER BY AND BETWEEN THE CHAPTER 7**
**TRUSTEE AND ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE**
**COMPANY**

**WHEREAS**, Don A. Beskrone (the "Trustee"), in his capacity as Chapter 7 Trustee of JC USA, Inc., *et al.* (collectively, "Debtors") in the above-captioned Chapter 7 cases (the "Case") has obtained approval from the Court to retain Berger Montague PC ("BMPC") as special litigation counsel to investigate certain claims and/or causes of action held or that may be asserted by the Trustee on behalf of Debtors and/or their estates against Anthem Blue Cross Life and Health Insurance Company and any subsidiary or affiliated responsible entities (collectively, "Anthem") (the "BMPC Retention Order"), ECF No. 323;

**WHEREAS**, in connection with the BMPC Retention Order, the Trustee, through BMPC, has informally requested that Anthem produce certain documents and information relating to Anthem's administration of the Debtors' self-funded health plan under an Administrative Services Agreement with an effective date of April 1, 2014 (the "Trustee's Request");

**WHEREAS**, the documents and information that are responsive to the Trustee's Request may contain or relate to confidential information, including personal information as well as information Anthem considers to be commercial proprietary and/or trade secret information; and

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: JC USA, Inc. (0028), JC Franchising, Inc. (7656), New JC Holdings, Inc. (1506), JC Acquisition, Inc. (2395), JC Inter. Holdings, Inc. (3621) JC Hold, LLC (4170).

{02105382;v2 }

**WHEREAS,** the Trustee and Anthem have agreed to the entry of this *Stipulated Protective Order by and between the Chapter 7 Trustee and Anthem Blue Cross Life and Health Insurance Company* (the "Protective Order");

**IT IS HEREBY ORDERED** that:

1.      All documents to be produced pursuant to the Trustee's Request or otherwise produced by Anthem to the Trustee or the Trustee to Anthem in connection with this Case shall be governed by this Protective Order.

2.      Any documents provided by either party in this Case may be designated as "Confidential" under the terms of this Protective Order.

3.      "Confidential Information" shall mean and include any document (whether in hard copy or computer readable form), deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided by or on behalf of the parties (or any of their attorneys or other agents) ("Discovery Material"), which contains: (1) non-public, confidential or proprietary information, whether personal or business-related; or (2) protected health information ("PHI") as that term is defined by and construed under the Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations, including 45 C.F.R. § 160.103.

4.      Confidential designations shall be made in good faith by the producing party and shall be made at the time of disclosure, production, or tender, provided that the inadvertent failure to designate does not constitute a waiver of a claim of confidentiality.  A producing party may designate a document confidential after such document has been produced, with the effect that such document is thereafter subject to the protections of this Protective Order.  For the avoidance of doubt, Anthem and the Trustee (and his agents, representatives, consultants, advisors, counsel,

and professionals) shall not have any liability arising from any dissemination or use of Confidential

Information that may have occurred prior to having received notice that such information has been

designated confidential.

5.        The designation of Discovery Materials in the form of documents, or other tangible

materials, as Confidential Information shall be made by the producing party by affixing the legend

"CONFIDENTIAL" on each page containing any Confidential Information, or in the case of

computer medium on the medium, such as in the name of the file, and if applicable, its label and/or

cover, to which the designation applies.

6.        Confidential Information shall not include any Discovery Materials that:

(a)        Have been (and remain) or become lawfully in the possession of the

receiving party through communications other than production or disclosure in this

Case by the producing party; for example, as a result of legitimate business dealings

between the parties, unless those documents are covered by a separate non-

disclosure or confidentiality agreement, in which case the receiving party may

continue to use such documents in the course of their business subject to those

agreements;

(b)        Have been or become part of the public domain by law,  publication or

otherwise and not due to any unauthorized act or omission on the part of the

receiving party;

(c)        was available to or in the possession of the non-producing party prior to its

disclosure by the producing party, or has been obtained at any time by the producing

party from a person or entity other than the producing party; provided that such

information was obtained by the non-producing party from a person or entity who

is not known by the non-producing party to be bound by an obligation of confidentiality to the producing party; or

(d)      May not under law be treated as confidential (including by statute or as a result of a determination by a court of competent jurisdiction).

7.      Information designated as "Confidential", including copies, extracts, compilations and summaries thereof, may be disclosed, communicated, or made available, in whole or in part, only to the following persons:

(a)      the parties to this Order (including their agents, advisors, employees and representatives), and their counsel of record in this Case, and regular and temporary employees of such counsel to whom it is necessary that the information be shown for the purposes of this Case;

(b) outside consultants of the parties to this Order as defined in Paragraph 8 herein to whom it is necessary that the information be shown for the purposes of this Case, and conditioned upon compliance with Paragraph 9 herein;

(c)      this Court, this Court's personnel and stenographic and video reporters engaged in proceedings or otherwise employed incident to this Case;

(d)      witnesses during deposition, hearing, trial or other court proceeding in this Case or other adversary proceeding in connection with this Case commenced pursuant to the BMPC Retention Order, who may be shown, but shall not be permitted to retain, Confidential information, and only to the extent necessary during testimony, and provided that any PHI shall be de-identified;

(e)      any third-party mediator or arbitrator selected by the Parties or assigned by

the Court in connection with this Case, subject to and conditioned upon compliance

with Paragraph 9 herein; and

(f)      any other person only upon order of the Court or upon written consent of

the producing party, subject to and conditioned upon compliance with Paragraph 9

herein.

8.      For purposes of Paragraph 7(b) herein, an outside consultant shall be defined as a

person who is not and is not anticipated to become an employee, officer, or director of the Trustee

and who is retained or employed as a bona fide outside independent consultant or expert for

purposes of this Case, whether full or part time, by or at the direction of the Trustee or counsel for

the Trustee.

9.      All persons listed in Paragraphs 7(b), 7(d), 7(e), and 7(f) above must confirm, prior

to disclosure of such information, their understanding and agreement to abide by the terms of this

Protective Order by completing and signing a copy of an undertaking in the form attached hereto

as Exhibit A.

10.      Confidential Information shall be used solely for the purpose of this Case and any

adversary proceeding commenced pursuant to the BMPC Retention Order, and any appeals

therefrom, and shall not be made available to any persons other than those persons permitted by

Paragraph 7 of this Protective Order.

11.      Unless a higher standard is required by law, in which case such higher standard

must be followed, any person in possession of Confidential Information shall exercise reasonably

appropriate care with regard to the storage, custody or use of such Confidential Information in

order to ensure that the confidential nature of the same is maintained.

12.     If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, after learning of such disclosure, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party, and make every reasonable effort to retrieve such Confidential Information and to prevent further disclosure.

13.     When Confidential Information is discussed, quoted or referred to in any deposition, the disclosing party shall take reasonable steps to ensure that only persons permitted by Paragraph 7 of this Protective Order to have access to such Confidential Information (and any stenographic reporters or other persons providing services necessary to conduct the deposition) are present.  Use of Confidential Information during the course of preparing for a deposition or testimony or during a deposition shall be subject to compliance with this Order.

14.     The use of any such Confidential Information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreement or order as the need may arise.

15.     Any deposition transcript containing Confidential Information shall be marked on the cover as "CONFIDENTIAL" as appropriate, and shall indicate as appropriate within the transcript what information has been so designated. The stenographic reporter shall be requested prior to the deposition (where the attorneys have reason to believe the testimony will contain Confidential Information) or when the Confidential Information is disclosed (when not previously anticipated) to separate those portions of the transcript containing confidential information and separately bind it from the non-confidential portions.  A producing party may designate any portion or all (if appropriate) of the transcript as containing Confidential Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall accordingly

indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other parties in writing, and with page and line designations, within ten (10) business days after receipt of the transcript. Until ten (10) business days have passed after receipt of any transcript, that entire transcript shall be deemed to be Confidential. In the event of disagreement about the Confidential status of a deposition transcript, it shall continue to be treated as "Confidential" until this Court rules otherwise.

16.     If any party wants to designate anything filed with the Court as "Confidential" and place it under seal, that party must make a separate motion in accordance with 11 U.S.C. § 107 and D. Del. LBR 9018-1.

17.     All Confidential Information that is filed with the Court, and any pleading, motion or other paper filed with the Court containing or disclosing such material, whether filed in the Case or in any adversary proceeding related to this Case, shall be filed and maintained under seal pursuant to 11 U.S.C. § 107 and D. Del. LBR 9018-1. When filing pleadings that contain Confidential Information, the filing party shall file the Confidential Information in redacted form and concurrently file a Motion to Seal the Confidential Information in accordance with 11 U.S.C. § 107 and D. Del. LBR 9018-1. The Parties shall follow and avail themselves of all applicable procedures established by the U.S. Bankruptcy Court for the District of Delaware, in connection with its implementation of the Case Management/Electronic Case Files (CM/ECF) system for safeguarding the confidentiality of information included in documents filed with the Court on computer disk or in electronically-filed documents. The producing party shall be promptly informed in writing of any opposition to a Motion to Seal Confidential Information such that it may have the opportunity to respond to such opposition.

18.     Entering into, agreeing to and/or producing or receiving Confidential Information or otherwise complying with the terms of this Protective Order shall not:

(a)     Operate as an admission by any party that any Discovery Material designated as Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

(b)     Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information.

(c)     Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

(d)     Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information should be subject to the terms of this Protective Order;

(e)     Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information; or

(f)     Prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

19.     The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as Confidential Information, to challenge or object to the

Confidential Information designation shall not be deemed a waiver of its right to challenge or object to the Confidential Information designation at any later time. Any party may at any time challenge the designation of any Discovery Materials as Confidential Information, and may request permission to disclose information with a Confidential designation as if such information is not subject to this Protective Order, pursuant to this paragraph by serving, by electronic mail, a written request upon counsel for the producing party at least five (5) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the electronic mail is transmitted.   Such request shall specifically identify the Confidential Information, including bates label (if applicable), sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made.   The producing party shall thereafter respond to the request in writing within three (3) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall be treated as a withholding of consent to the proposed disclosure.   If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution under 11 U.S.C. § 107, the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, any applicable Local Rules of the United States Bankruptcy Court for the District of Delaware, and the terms herein by the party seeking disclosure.  Disclosure shall be postponed until a ruling has been obtained from the Court.

20.     Notwithstanding any default provisions of this Protective Order providing for confidential treatment, in the event of disagreement, the party asserting confidentiality shall have the burden of proving that the information at issue is entitled to the protection of this Protective Order.

21.     All provisions of this Protective Order restricting the use of Confidential Information shall continue to be binding on the parties and all persons who have executed acknowledgment forms pursuant to Paragraph 9 of this Protective Order, after the conclusion of this Case and any related adversary proceedings, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing.

22.     Within sixty (60) days after the later of (i) the closing of this Case, or (ii) the entry of a final judgment in a related adversary proceeding, all originals and copies of documents containing PHI produced in this action shall be returned to the producing party or destroyed, if agreed by both parties.  Counsel for the receiving party shall certify in writing that all such documents have been returned or destroyed.

23.     Within sixty (60) days after the later of (i) the closing of this Case, or (ii) the entry of a final judgment in a related adversary proceeding, all originals and copies of Discovery Materials that have been designated Confidential but do not contain PHI shall, at the option and request of the producing party by electronic mail to counsel of record, be destroyed or returned to counsel for the producing party in that time frame, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon Confidential Information.  In the event that counsel maintains such documents, it shall not disclose material containing any type of Confidential Information to any third parties absent a court order.  Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the producing party of the subpoena so that the latter may protect its interests.  Counsel for the receiving party shall certify

to producing party's counsel in writing that all such Confidential Information have been returned or destroyed, as the case may be, in accordance with this paragraph.

24. The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information. The producing party shall immediately notify the opposing party in writing when inadvertent production is discovered. Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be kept by counsel for the receiving party and counsel shall not use such information for any purpose until further Order of the Court. The party producing such material may then move the court for an Order compelling return of the material. Any analyses, memoranda or notes that were internally generated based upon such inadvertently-produced information shall immediately be treated in conformance with the protected nature of the information. For the avoidance of doubt, Anthem and the Chapter 7 Trustee (and his agents, representatives, consultants, advisors, counsel, and professionals) shall not have any liability arising from any dissemination or use of inadvertently produced information that may have occurred prior to having received notice that such information had been inadvertently produced.

25. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

26. The Court retains jurisdiction to enforce the terms of this Protective Order.

The parties hereby consent to the form and entry of the foregoing Protective Order.

Dated:  January 22, 2025

DON A. BESKRONE, CHAPTER 7 TRUSTEE

By: /s/ *Russell D. Paul*
Russell D. Paul, Esq.
Berger Montague PC
800 N. West Street, Suite 200
Wilmington, DE 19801
Telephone: 302-691-9545

ANTHEM BLUE CROSS LIFE AND
HEALTH INSURANCE COMPANY

By: /s/ *Eric S. Goldstein*
Eric S. Goldstein, Esq.
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
Tel. (860) 251-5000

EXHIBIT A

EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| JC USA, Inc. d/b/a Jenny Craig, *et al*.[1] | Case No. 23-10585 (JKS) |
| Debtor. | (Jointly Administered) |

I hereby acknowledge that (i) certain Confidential documents, materials or information are being provided to me pursuant to the terms and restrictions of the *Stipulated Protective Order by and Between the Chapter 7 Trustee and Anthem Blue Cross Life and Health Insurance Company* (the "Order") entered by the United States Bankruptcy Court for the District of Delaware (the "Court") in the above-captioned chapter 7case, (ii) I have either read the Order or had its provisions explained to me by counsel for the party providing me with those documents, materials or information; and (iii) I understand the terms of the Order.

I represent that I have had the opportunity to consult with my own attorney before signing this document.

So long as I receive personal service to appear at any hearing held regarding my use of any documents, materials or information subject to the Order, I agree to be bound by the Order, and I hereby submit to the personal jurisdiction of the Court or any other court having subject matter jurisdiction over this action for purposes of enforcement of the Order.

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: JC USA, Inc. (0028), JC Franchising, Inc. (7656), New JC Holdings, Inc. (1506), JC Acquisition, Inc. (2395), JC Inter. Holdings, Inc. (3621) JC Hold, LLC (4170).

I acknowledge that my willful violation of the Order may subject me to a finding of contempt by the Court.

Dated:_____          Signature:  _____

                                        Name:       _____

                                        Address:    _____

                                                    _____

                                                    _____