**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JC USA, Inc., *et al.,* [1]<br><br>　　　　Debtors. | Chapter 7<br><br>Case No. 23-10585 (JKS)<br>(Jointly Administered)<br><br>**Hearing Date: August 12, 2025 at 3:00 p.m. (ET)**<br>**Obj. deadline: July 24, 2025 at 4:00 p.m. (ET)** |
| Don A. Beskrone, Chapter 7 Trustee for JC USA, Inc., *et al.*,<br><br>　　　　Plaintiff,<br><br>　　　　v. | |
| Stretto, Inc | Adv. Pro. No. 25-50685 (JKS) |
| McDermott Will & Emery LLP | Case No. 23-10585 (JKS) |

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, TO APPROVE**
**SETTLEMENT OF CERTAIN CHAPTER 5 CLAIMS PURSUANT**
**TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

　　Don A. Beskrone, the Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtors (the "Debtor"), by and through his undersigned counsel, hereby moves (the "Motion"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for approval of settlement of certain claims for avoidance and recovery of allegedly preferential or fraudulent transfers pursuant to chapter 5 of the Bankruptcy Code (as hereinafter defined). In support thereof, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

　　1.　　The Bankruptcy Court (as hereinafter defined) has jurisdiction over the Motion

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: JC USA, Inc. (0028), JC Franchising, Inc. (7656), New JC Holdings, Inc. (1506), JC Acquisition, Inc. (2395), JC Inter. Holdings, Inc. (3621) JC Hold, LLC (4170).

pursuant to 28 U.S.C. §§ 157 and 1334.  The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(a).  Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2.     The statutory predicates for the relief requested herein are Federal Rule of Bankruptcy Procedure 9019 ("Rule 9019") and section 363(b) of title 11 of the United States Code (the "Bankruptcy Code").

3.     Pursuant to Local Bankruptcy Rule 9013-1 (f), the Trustee consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

4.     Prior to the Petition Date (as defined below), the Trustee understands that Debtors operated a weight loss, weight management, and nutrition company that provided ready-to-eat fresh and frozen meals, with personalized meals plans and wellness coaching.  The Trustee further understands that Debtors' principal place of business and the location of its principal assets was 5770 Fleet Street, Carlsbad, CA  92008.

5.     On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases").  On May 10, 2023, the Debtors filed their schedules of assets and liabilities and statement of financial affairs [Docket Nos. 1].

6. Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in the Cases, A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held on June 9, 2023 and

concluded as of that date. Mr. Beskrone thus serves as the Trustee of the Debtors and their estates pursuant to 11 U.S.C. § 702(d).

7. The Trustee is in the process of investigating the Debtors' assets with the intent of maximizing value for the benefit of creditors.

8. The Trustee and his professionals have reviewed transfers made by the Debtors on or within the 90 days before the Petition Date (the "Preference Period") and have identified potential claims (the "Claims") to avoid and recover certain transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code. The Trustee issued a number of demand letters (the "Demand Letters") and/or filed a number of complaints ("Complaints") with respect to the Claims.

9. Subsequent to issuing the Demand Letters and/or filing the Complaints, the Trustee engaged in discussions and/or settlement communications with Stretto, Inc and McDermott Will & Emery LLP (collectively, the foregoing, the "Settling Parties").

10. After review and analysis of the positions and/or defenses set forth by the Settling Parties, and after good faith, arms-length negotiations, the Trustee and Settling Parties have agreed to settle (the "Settlements") the Trustee's Claims against the Settling Parties in accordance with the terms summarized below and set forth in the settlement agreements (the "Settlement Agreements") attached hereto as **Exhibits A and B**. By this Motion, the Trustee seeks approval of the Settlements pursuant to Fed. R. Bankr. P. 9019(a).

**BASIS FOR RELIEF**

11. Rule 9019 of the Federal Rules of Bankruptcy Procedure provides that after notice and a hearing, the Court may approve a proposed settlement or compromise. The decision whether to accept or reject a compromise lies within the sound discretion of the Court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts International, Inc.*, 145 B.R.

412, 451 (Bankr. D.N.J. 1990). Approval of a settlement is appropriate if it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

12. When analyzing settlements, Courts in the Third Circuit generally consider:

   (i) the probability of success in litigation;

   (ii) the likely difficulties in collection;

   (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

   (iv) the paramount interest of the creditors.

13. *See Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)*, 253 F.3d 159 (3d Cir. 2002); *In re Martin*, 91 F.3d 389, 392 (3d Cir. 1996). To approve a settlement under Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness. *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993)

## RELIEF REQUESTED

14. The Trustee respectfully requests approval of Settlements of the Trustee's Claims against the Settling Parties.

15. The Trustee's demand against Stretto, Inc was for $40,000.00 and the claim was resolved for a settlement amount of $10,000.00 after considering Stretto's positions and potential defenses, including the contemporaneous exchange for new value defense pursuant to section 547(c)(1) of the Bankruptcy Code and the subsequent new value defense pursuant to section 547(c)(4) of the Bankruptcy Code. A copy of the Trustee's Settlement Agreement with Stretto is attached hereto as Exhibit A.

16. The Trustee's demand against McDermott, Will & Emery LLP ("McDermott") was for $950,000.00 and the claim was resolved for a settlement amount of $37,000.00 after considering

McDermott's positions and potential defenses, including the contemporaneous exchange for new value defense pursuant to section 547(c)(1) of the Bankruptcy Code and the subsequent new value defense pursuant to section 547(c)(4) of the Bankruptcy Code. A copy of the Trustee's Settlement Agreement with McDermott is attached hereto as <u>Exhibit B.</u>

17. The Trustee respectfully submits that the terms of the Settlement Agreements satisfy the criteria for approval under Rule 9019. First, the Trustee negotiated at arms-length with the Settling Parties. The Trustee believed that he stated meritorious claims against the Settling Parties. However, there was attendant risk and cost associated with pursuing the claims, and no assurance that the Bankruptcy Court would find in favor of the Trustee for all or a significant portion of the amounts sought. In light of the foregoing, the Trustee believes in his business judgment the Settlements represent a reasonable and fair resolution of the Claims and the Debtors and their estates against the Settling Parties.

18. The second criterion – the likely difficulties in collection – also favors settlement. It is uncertain whether there would be difficulty in collecting any judgment entered against the Settling Parties. However, the Settlements remove uncertainty of collection as the Settling Parties have furnished, or promised to furnish, the consideration for settlement as a condition of settlement.

19. The third criterion also favors settlement. Settlement will enable the Trustee and the Settling Parties to save the time and expense associated with litigation of the Claims.

20. Finally, the Settlements are in the best interests of creditors as the Debtors' estates will receive benefits from the Settlements as a result of the settlement payments by the Settling Parties.

**<u>NOTICE</u>**

21. Notice, together with a copy of this Motion, has been given to (i) the Office of the United States Trustee; (ii) the Settling Parties; (iii) all parties in interest having requested notice in

the Debtor's Case pursuant to Federal Rule of Bankruptcy Procedure 2002 as of the date hereof (the "Notice Parties"). The Trustee respectfully submits that such notice is appropriate under the circumstances and that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto, (i) granting this Motion, (ii) authorizing and approving the Settlements and Settlement Agreements, and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: July 10, 2025

*/s/ Garvan F. McDaniel*
Garvan F. McDaniel (DE Bar No. 4167)
HOGAN♦McDANIEL
1311 Delaware Avenue
Wilmington, Delaware 19806
302.656.7540; 302.656.7599(f)
Email: gfmcdaniel@dkhogan.com
*Counsel to Don A. Beskrone,*
*Chapter 7 Trustee of the Debtor*