**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| JC USA, Inc., *et al.,* [1] | Case No. 23-10585 (JKS) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: February 19, 2026 at 10:00 a.m. (ET)** |
| | **Obj. Deadline: Dec. 18, 2025 at 4:00 p.m. (ET)** |
| Don A. Beskrone, Chapter 7 Trustee for JC USA, Inc., *et al.,* | |
| Plaintiff, | |
| v. | |

| | |
|---|---|
| American Service Industries, Inc. | Adv. Pro. No. 25-50645 (JKS) |
| Aon Risk Services Central, Inc. | Adv. Pro. No. 25-50647 (JKS) |
| Avid Floor Maintenance, Inc. | Adv. Pro. No. 25-50653 (JKS) |
| Burlington Crossroads (E&A) LLC | Adv. Pro. No. 25-50661 (JKS) |
| Allendale KOP Investments, L.P. f/k/a CMW Investments Ltd. | Adv. Pro. No. 25-50670 (JKS) |
| DDR Southeast Fountains, LLC | Adv. Pro. No. 25-50679 (JKS) |
| Dollinger-Glendale Associates, a California Limited Partnership | Adv. Pro. No. 25-50689 (JKS) |
| Google LLC | Adv. Pro. No. 25-50723 (JKS) |
| Liberty Distributors Inc. | Adv. Pro. No. 25-50737 (JKS) |
| Mainfreight, Inc. | Adv. Pro. No. 25-50740 (JKS) |
| Rhino Holdings Blue Oaks, LLC | Adv. Pro. No. 25-50773 (JKS) |
| Shirts Without Buttons, LLC | Adv. Pro. No. 25-50798 (JKS) |
| TRPF Promenade Plaza LLC | Adv. Pro. No. 25-50810 (JKS) |
| UKG, Inc. f/k/a Ultimate Software Group, Inc. | Adv. Pro. No. 25-50812 (JKS) |

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: JC USA, Inc. (0028), JC Franchising, Inc. (7656), New JC Holdings, Inc. (1506), JC Acquisition, Inc. (2395), JC Inter. Holdings, Inc. (3621) JC Hold, LLC (4170).

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, TO APPROVE
SETTLEMENT OF CERTAIN CHAPTER 5 CLAIMS PURSUANT
TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Don A. Beskrone, the Chapter 7 trustee (the "<u>Trustee</u>") of the estate of the above-captioned debtors (the "<u>Debtors</u>"), by and through his undersigned counsel, hereby moves (the "<u>Motion</u>"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for approval of settlement of certain claims for avoidance and recovery of allegedly preferential or fraudulent transfers pursuant to chapter 5 of the Bankruptcy Code (as hereinafter defined). In support thereof, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. The Bankruptcy Court (as hereinafter defined) has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(a). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief requested herein are Federal Rule of Bankruptcy Procedure 9019 ("<u>Rule 9019</u>") and section 363(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

3. Pursuant to Local Bankruptcy Rule 9013-1 (f), the Trustee consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4. Prior to the Petition Date (as defined below), the Trustee understands that Debtors operated a weight loss, weight management, and nutrition company that provided ready-to-eat fresh and frozen meals, with personalized meal plans and wellness coaching. The

Trustee further understands that Debtors' principal place of business and the location of its principal assets was 5770 Fleet Street, Carlsbad, CA 92008.

5.      On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases"). On May 10, 2023, the Debtors filed their schedules of assets and liabilities and statement of financial affairs [Docket Nos. 1].

6.      Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in the Cases, A meeting of creditors under and pursuant to 11 U.S.C. § 341(a) was held on June 9, 2023, and concluded as of that date. Mr. Beskrone thus serves as the Trustee of the Debtors and their estates pursuant to 11 U.S.C. § 702(d).

7.      The Trustee is in the process of investigating the Debtors' assets with the intent of maximizing value for the benefit of creditors.

8.      The Trustee and his professionals have reviewed transfers made by the Debtors on or within the 90 days before the Petition Date (the "Preference Period") and have identified potential claims (the "Claims") to avoid and recover certain transfers pursuant to sections 547, 548 and 550 of the Bankruptcy Code. The Trustee issued a number of demand letters (the "Demand Letters") and/or filed a number of complaints ("Complaints") with respect to the Claims. In certain cases in which no answer or responsive pleading was filed to the Complaints, the Trustee requested that default judgment be entered.

9.      Subsequent to issuing the Demand Letters and/or filing the Complaints, the Trustee engaged in discussions and/or settlement communications with American Service Industries, Inc. ("American Service"), Aon Risk Services Central, Inc. ("Aon"), Avid Floor Maintenance, Inc. ("Avid Floor Maintenance"), Burlington Crossroads (E&A) LLC ("Burlington Crossroads"),

Allendale KOP Investments, L.P. f/k/a CMW Investments Ltd. ("Allendale"), DDR Southeast Fountains, LLC ("DDR Southeast Fountains"), Dollinger-Glendale Associates, a California Limited Partnership ("Dollinger-Glendale Associates"), Google LLC ("Google"), Liberty Distributors Inc. ("Liberty Distributors"), Mainfreight, Inc. ("Mainfreight"), Rhino Holdings Blue Oaks, LLC ("Rhino Holdings"), Shirts Without Buttons, LLC ("SWB"), TRPF Promenade Plaza LLC ("TRPF Promenade Plaza"), UKG, Inc. f/k/a Ultimate Software Group, Inc. ("UKG"), and NPMC Retail, LLC ("NPMC") (collectively, the foregoing, the "Settling Parties").

10.    After review and analysis of the positions and/or defenses set forth by the Settling Parties, and after good faith, arms-length negotiations, the Trustee and Settling Parties have agreed to settle (the "Settlements") the Trustee's Claims against the Settling Parties in accordance with the terms summarized below and set forth in the settlement agreements (the "Settlement Agreements") attached hereto as **Exhibit A - Exhibit O**.    By this Motion, the Trustee seeks approval of the Settlements pursuant to Fed. R. Bankr. P. 9019(a).

## BASIS FOR RELIEF

11.    Rule 9019 of the Federal Rules of Bankruptcy Procedure provides that after notice and a hearing, the Court may approve a proposed settlement or compromise.  The decision whether to accept or reject a compromise lies within the sound discretion of the Court.  *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts International, Inc.,* 145 B.R. 412, 451 (Bankr. D.N.J. 1990).  Approval of a settlement is appropriate if it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

12.    When analyzing settlements, Courts in the Third Circuit generally consider:

(i)      the probability of success in litigation;

(ii)     the likely difficulties in collection;

(iii)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(iv)    the paramount interest of the creditors.

13.    *See Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)*, 253 F.3d 159 (3d Cir. 2002); *In re Martin*, 91 F.3d 389, 392 (3d Cir. 1996).  To approve a settlement under Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness.  *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993).

## **RELIEF REQUESTED**

14.    The Trustee respectfully requests approval of Settlements of the Trustee's Claims against the Settling Parties.

15.    The Trustee's demand against American Service was for $116,696.21 and the claim was resolved for a settlement amount of $20,000.00 after considering American Service's positions and potential defenses, including the ordinary course of business defense pursuant to section 547(c)(2) of the Bankruptcy Code and the subsequent new value defense pursuant to section 547(c)(4) of the Bankruptcy Code.  A copy of the Trustee's Settlement Agreement with American Service is attached hereto as Exhibit A.

16.    The Trustee's demand against Aon was for $247,107.45 and the claim was resolved for a settlement amount of $20,000.00 after considering Aon's positions and potential defenses, including whether Aon was a mere conduit and the contemporaneous exchange for new value defense pursuant to section 547(c)(1) of the Bankruptcy Code. A copy of the Trustee's Settlement Agreement with Aon is attached hereto as Exhibit B.

17.    The Trustee's demand against Avid Floor Maintenance was for $38,602.77 and the claim was resolved for a settlement amount of $6,000.00 after considering Avid Floor Maintenance's

positions and potential defenses, including the ordinary course of business defense pursuant to section 547(c)(2) of the Bankruptcy Code and the subsequent new value defense pursuant to section 547(c)(4) of the Bankruptcy Code. A copy of the Trustee's Settlement Agreement with Avid Floor Maintenance is attached hereto as Exhibit C.

18.     The Trustee's demand against Burlington Crossroads was for $32,613.42 and the claim was resolved for mutual releases of any claims between the Trustee and Burlington Crossroads after considering Burlington Crossroads' positions and potential defenses, including the contemporaneous exchange for new value defense pursuant to section 547(c)(1) of the Bankruptcy Code and the subsequent new value defense pursuant to section 547(c)(4) of the Bankruptcy Code. A copy of the Trustee's Settlement Agreement with Burlington Crossroads is attached hereto as Exhibit D.

19.     The Trustee's demand against Allendale was for $30,057.22 and the claim was resolved for a settlement amount of $3,500.00 after considering Allendale's positions and potential defenses, including the contemporaneous exchange for new value defense pursuant to section 547(c)(1) of the Bankruptcy Code and the subsequent new value defense pursuant to section 547(c)(4) of the Bankruptcy Code. A copy of the Trustee's Settlement Agreement with Allendale is attached hereto as Exhibit E.

20.     The Trustee's demand against DDR Southeast Fountains was for $40,764.28 and the claim was resolved for a settlement amount of $3,500.00 after considering DDR Southeast Fountains' positions and potential defenses, including the contemporaneous exchange for new value defense pursuant to section 547(c)(1) of the Bankruptcy Code and the subsequent new value defense pursuant to section 547(c)(4) of the Bankruptcy Code. A copy of the Trustee's Settlement Agreement with DDR Southeast Fountains is attached hereto as Exhibit F.

21.     The Trustee's obtained default judgment against Dollinger-Glendale Associates for for $20,973.00 and the default judgment was resolved for a settlement amount of $6,291.90 after considering Dollinger-Glendale Associates' positions with respect to the default judgment and potential defenses the the Trustee's claim including the contemporaneous exchange for new value defense pursuant to section 547(c)(1) of the Bankruptcy Code and the ordinary course of business defense pursuant to section 547(c)(2) of the Bankruptcy Code. A copy of the Trustee's Settlement Agreement with Dollinger-Glendale Associates is attached hereto as Exhibit G.

22.     The Trustee's demand against Google was for $1,157,051.59 and the claim was resolved for a settlement amount of $5,000.00 after considering Google's positions and potential defenses, including the subsequent new value defense pursuant to section 547(c)(4) of the Bankruptcy Code and ordinary course of business defense pursuant to section 547(c)(2) of the Bankruptcy Code. A copy of the Trustee's Settlement Agreement with Google is attached hereto as Exhibit H.

23.     The Trustee's demand against Liberty Distributors was for $42,579.68 and the claim was resolved for a settlement amount of $4,200.00 after considering Liberty Distributors' positions and potential defenses, including the contemporaneous exchange for new value defense pursuant to section 547(c)(1) of the Bankruptcy Code and the subsequent new value defense pursuant to section 547(c)(4) of the Bankruptcy Code.  A copy of the Trustee's Settlement Agreement with Liberty Distributors is attached hereto as Exhibit I.

24.     The Trustee's demand against Mainfreight was for $35,313.53 and the claim was resolved for a settlement amount of $15,000.00 after considering Mainfreight's positions and potential defenses, including whether the transfers were in property of the Debtor's estate and the ordinary course of business defense pursuant to section 547(c)(2) of the Bankruptcy Code.  A copy of the Trustee's Settlement Agreement with Mainfreight is attached hereto as Exhibit J.

25.    The Trustee's demand against Rhino Holdings was for $22,223.93 and the claim was resolved for a settlement amount of $10,000.00 after considering Rhino Holdings' positions and potential defenses pursuant to section 547(c) of the Bankruptcy Code.  A copy of the Trustee's Settlement Agreement with Rhino Holdings is attached hereto as Exhibit K.

26.    The Trustee's demand against SWB was for $37,346.24 and the claim was resolved for a settlement amount of $2,000.00 after considering SWB's positions and potential defenses, including the contemporaneous exchange for new value defense pursuant to section 547(c)(1) of the Bankruptcy Code and the ordinary course of business defense pursuant to section 547(c)(2) of the Bankruptcy Code.  A copy of the Trustee's Settlement Agreement with SWB is attached hereto as Exhibit L.

27.    The Trustee's demand against TRPF Promenade Plaza was for $32,873.52 and the claim was resolved for a settlement amount of $5,400.00 after considering TRPF Promenade Plaza's positions and potential defenses, including the contemporaneous exchange for new value defense pursuant to section 547(c)(1) of the Bankruptcy Code and the subsequent new value defense pursuant to section 547(c)(4) of the Bankruptcy Code.  A copy of the Trustee's Settlement Agreement with TRPF Promenade Plaza is attached hereto as Exhibit M

28.    The Trustee's demand against UKG was for $54,954.78 and the claim was resolved for a settlement amount of $1,000.00 after considering UKG's positions and potential defenses, including the ordinary course of defense pursuant to section 547(c)(2) of the Bankruptcy Code and the subsequent new value defense pursuant to section 547(c)(4) of the Bankruptcy Code.  A copy of the Trustee's Settlement Agreement with UKG is attached hereto as Exhibit N.

29.    The Trustee's demand against NPMC was for $44,660.00 and the claim was resolved for a settlement amount of $18,000.00 after considering NPMC's positions and potential defenses, including the contemporaneous exchange for new value defense pursuant to section 547(c)(1) of the

Bankruptcy Code and the subsequent new value defense pursuant to section 547(c)(4) of the Bankruptcy Code.  A copy of the Trustee's Settlement Agreement with NPMC is attached hereto as Exhibit O.

30.    The Trustee respectfully submits that the terms of the Settlement Agreements satisfy the criteria for approval under Rule 9019.  First, the Trustee negotiated at arms-length with the Settling Parties.  The Trustee believed that he stated meritorious claims against the Settling Parties.  However, there was attendant risk and cost associated with pursuing the claims, and no assurance that the Bankruptcy Court would find in favor of the Trustee for all or a significant portion of the amounts sought.  In light of the foregoing, the Trustee believes in his business judgment the Settlements represent a reasonable and fair resolution of the Claims and the Debtors and their estates against the Settling Parties.

31.    The second criterion – the likely difficulties in collection – also favors settlement.  It is uncertain whether there would be difficulty in collecting any judgment entered against the Settling Parties.  However, the Settlements remove uncertainty of collection as the Settling Parties have furnished, or promised to furnish, the consideration for settlement as a condition of settlement.

32.    The third criterion also favors settlement. Settlement will enable the Trustee and the Settling Parties to save the time and expense associated with litigation of the Claims.

33.    Finally, the Settlements are in the best interests of creditors as the Debtors' estates will receive benefits from the Settlements as a result of the settlement payments by the Settling Parties.

## NOTICE

34.    Notice, together with a copy of this Motion, has been given to (i) the Office of the United States Trustee; (ii) the Settling Parties; (iii) all parties in interest having requested notice in the Debtor's Case pursuant to Federal Rule of Bankruptcy Procedure 2002 as of the date hereof

(the "<u>Notice Parties</u>"). The Trustee respectfully submits that such notice is appropriate under the circumstances and that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto, (i) granting this Motion, (ii) authorizing and approving the Settlements and Settlement Agreements, and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: December 4, 2025                   **ASHBY & GEDDES, P.A.**

*/s/ Benjamin W. Keenan*
Ricardo Palacio (DE Bar No. 3765)
Benjamin W. Keenan (DE Bar No. 4724)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899
Tel: (302) 654-1888
Email(s):  bkeenan@ashbygeddes.com

*Counsel for Don A. Beskrone, Chapter 7 Trustee*