**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JC USA, Inc., *et al.*, [1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10585 (JKS)<br>(Jointly Administered)<br><br>**Hearing Date: November 3, 2026 at 10:00 a.m. (ET)**<br>**Obj. Deadline: September 24, 2026 at 4:00 p.m. (ET)** |

**MOTION OF DON A. BESKRONE, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Don A. Beskrone, the Chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtors (the "Debtors"), by and through his undersigned counsel, hereby moves (the "Motion"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order approving settlement of the administrative expense claim asserted by Quail Hill Center LLC ("QHC" and, together with the Trustee, the "Parties"). In support thereof, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Bankruptcy Court (as hereinafter defined) has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(a). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2. The statutory predicates for the relief requested herein are Federal Rule of Bankruptcy Procedure 9019 ("Rule 9019") and section 363(b) of title 11 of the United States Code (the "Bankruptcy Code").

3. Pursuant to Local Bankruptcy Rule 9013-1 (f), the Trustee consents to the entry of

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: JC USA, Inc. (0028), JC Franchising, Inc. (7656), New JC Holdings, Inc. (1506), JC Acquisition, Inc. (2395), JC Inter. Holdings, Inc. (3621) JC Hold, LLC (4170).

final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

4. Prior to the Petition Date (as defined below), the Trustee understands that Debtors operated a weight loss, weight management, and nutrition company that provided ready-to-eat fresh and frozen meals, with personalized meal plans and wellness coaching. The Trustee further understands that Debtors' principal place of business and the location of its principal assets was 5770 Fleet Street, Carlsbad, CA 92008.

5. On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code commencing these chapter 7 cases (the "Cases") [Docket Nos. 1]. On May 10, 2023, the Debtors filed their schedules of assets and liabilities and statement of financial affairs.

6. On or about May 16, 2023, the Court entered an order directing the joint administration of the Debtors' Cases in the case of JC USA, Inc. (the "Debtor") [D.I. 35].

7. Following the filing of the bankruptcy petitions, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as interim Chapter 7 Trustee in the Cases, A meeting of creditors pursuant to 11 U.S.C. § 341(a) was held on June 9, 2023, and concluded as of that date. Mr. Beskrone thus serves as the Trustee of the Debtors and their estates pursuant to 11 U.S.C. § 702(d).

8. On or about July 14, 2023, the Clerk of the Bankruptcy Court filed a notice establishing October 16, 2023 as the date for creditors to timely file proofs of claim in the Debtors' Cases [D.I. 211].

9. On or about June 16, 2026, the Bankruptcy Court entered an *Order (i) Establishing the Deadline to File Requests for Payment of Certain Administrative Expense Claims Pursuant to 11 U.S.C. § 503(b), (ii) Approving Form and Manner of Notice Thereof and (iii) Granting Related Relief* [D.I. 654] establishing a deadline of August 13, 2026 at 5:00 p.m. (ET) (the "Administrative Claim Bar Date") for creditors file requests for allowance of administrative expense claims ("Administrative Claims") pursuant to section 503(b) of the Bankruptcy Code.

10. To date, approximately 670 parties have filed claims on the claims register in the Debtor's Case. Additionally, a number of parties have filed requests on the Debtor's docket for allowance of Administrative Claims.

11. Prior to the Administrative Claim Bar Date, QHC, through its counsel, contacted the Trustee asserting an Administrative Claim related to expenses QHC incurred as a landlord of the Debtor with respect to certain nonresidential real property leased (the "Lease") by the Debtor at 6755 Quail Hill Parkway, Irvine, California 82603.

12. The QHC Lease was rejected effective May 31, 2023 (the "Rejection Date") pursuant to the *Order Granting Third Omnibus Motion of the Chapter 7 Trustee for Entry of an Order (I) Authorizing (A) the Rejection of Certain Unexpired Leases Nunc Pro Tunc to the Date of the Rejection Motion and (B) the Abandonment of Any Remaining Property at the Rejected Locations, and (II) Granting Related Relief* [D.I. 183].

13. QHC asserted its Administrative Claim in an amount no less than $11,832.54 (the "QHC Administrative Claim") pursuant to sections 507(a)(2) and 503(b)(1)(A) of the Bankruptcy Code for alleged actual and necessary costs and expenses of preserving the Debtor's estate incurred under the Lease for the period between the Petition Date and the Rejection Date.

14. After review and analysis of the positions and supporting documents provided by QHC, and after good faith, arms-length negotiations, the Trustee and QHC have agreed to a

settlement (the "Settlement") of the QHC Administrative Claim in accordance with the terms summarized below and set forth in the settlement agreement (the "Settlement Agreement") attached hereto as **Exhibit A**. By this Motion, the Trustee seeks approval of the Settlement pursuant to Fed. R. Bankr. P. 9019(a).

## BASIS FOR RELIEF

15. Rule 9019 of the Federal Rules of Bankruptcy Procedure provides that after notice and a hearing, the Court may approve a proposed settlement or compromise. The decision whether to accept or reject a compromise lies within the sound discretion of the Court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts International, Inc.,* 145 B.R. 412, 451 (Bankr. D.N.J. 1990). Approval of a settlement is appropriate if it is "fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

16. When analyzing settlements, Courts in the Third Circuit generally consider:

(i) the probability of success in litigation;

(ii) the likely difficulties in collection;

(iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(iv) the paramount interest of the creditors.

17. *See Fry's Metals, Inc. v. Gibbons (In re RFE Indus., Inc.)*, 253 F.3d 159 (3d Cir. 2002); *In re Martin*, 91 F.3d 389, 392 (3d Cir. 1996). To approve a settlement under Rule 9019, the Court need only determine that the proposed settlement meets the lowest level of reasonableness. *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993).

## RELIEF REQUESTED

18. The Trustee respectfully requests approval of the Settlement of the QHC Administrative Claim.

19. QHC asserted its Administrative Claim in an amount no less than $11,832.54, and the QHC Administrative Claim was resolved for a settlement amount of $3,821.27. A copy of the Trustee's Settlement Agreement with QHC is attached hereto as Exhibit A.

20. The Trustee respectfully submits that the terms of the Settlement Agreement satisfy the criteria for approval under Rule 9019. The Trustee negotiated at arms-length with QHC and believed that he held meritorious grounds to contest the QHC Administrative Claim. However, there was attendant risk and cost associated with litigating the QHC Administrative Claim, and no assurance that the Bankruptcy Court would find in favor of the Trustee. In light of the foregoing, the Trustee believes in his business judgment the Settlement represents a reasonable and fair resolution of the QHC Administrative Claim.

21. The second criterion – the likely difficulties in collection – is not applicable since the QHC Administrative Claim is a claim against the Debtor's estate and would not require collection activities by the Trustee.

22. The third criterion also favors settlement. Settlement will enable the Trustee and the QHC to save the time and expense associated with litigation of the QHC Administrative Claim.

23. Finally, the Settlement is in the best interests of creditors as the Debtors' estates will receive benefits from the Settlement as a result of the reduction of the QHC Administrative Claim.

## NOTICE

24. Notice, together with a copy of this Motion, has been given to (i) the Office of the United States Trustee; (ii) QHC; (iii) all parties in interest having requested notice in the Debtors' Cases pursuant to Federal Rule of Bankruptcy Procedure 2002 as of the date hereof (the "Notice

Parties”). The Trustee respectfully submits that such notice is appropriate under the circumstances and that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto, (i) granting this Motion, (ii) authorizing and approving the Settlement and Settlement Agreement, and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: September 10, 2026

**ASHBY & GEDDES, P.A.**

*/s/ Benjamin W. Keenan*

Ricardo Palacio (DE Bar No. 3765)
Benjamin W. Keenan (DE Bar No. 4724)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899
Tel: (302) 654-1888
Email(s): bkeenan@ashbygeddes.com

*Counsel for Don A. Beskrone, Chapter 7 Trustee*